◼ GABRIEL F. HAUGHTON, Appellant, v MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., et al., Respondents, et al., Defendants. [717 NYS2d 156] —Order, Supreme Court, New York County (Emily Goodman, J.), entered July 19, 1995, which to the extent appealed from, granted defendants' motion pursuant to CPLR 3211 to dismiss the complaint to the extent of dismissing the first, second, third and fourth causes of action, and order, same court and Justice, entered April 21, 1999, which, to the extent appealed from, granted defendants' motion pursuant to CPLR 3211 to dismiss the amended complaint in the first action, and order, same court and Justice, entered March 10, 1999, which, to the extent appealed from, granted, in part, defendants' motion pursuant to CPLR 3211 to dismiss the amended complaint in the second State court action, unanimously affirmed, with costs.

Although plaintiff has, for the first time on appeal, alleged an entirely new set of facts in support of his claims, our review is properly limited to the facts that were before the motion court when it issued the presently appealed orders.

In any event, regardless of which set of factual allegations is considered, it is clear that plaintiff's detention by Scotland Yard in 1992 was pursuant to valid legal process, and that defendants' act of informing the authorities that someone had been attempting to sell stolen bonds does not constitute a ground for a claim of false arrest or conspiracy to cause false arrest. In addition, because no criminal proceeding was ever

commenced against plaintiff, he has no viable claim for malicious prosecution (*see, Smith-Hunter v Harvey*, 95 NY2d 191, 195). Also not viable was plaintiff's cause of action predicated upon promissory estoppel. The motion court correctly held that doctrine inapplicable since plaintiff does not seek to hold defendant Merrill Lynch to its purported promise to sell the subject bonds but rather seeks to recover damages for his arrest and detention. It is equally clear that plaintiff does not have a valid claim for punitive damages in the absence of egregious conduct on the part of Merrill Lynch, of which there is no indication. Finally, plaintiff may not raise, for the first time on appeal, a cause of action for prima facie tort and the intentional infliction of emotional distress. Concur—Mazzarelli, J. P., Wallach, Andrias, Saxe and Buckley, JJ.