■ Peggy Dellert, Respondent, v Lawrence Kramer et al., Appellants. [721 NYS2d 342] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about December 17, 1999, which, in this medical malpractice action, denied defendant New York Medical Group's motion for partial

summary judgment pursuant to CPLR 214-a and denied defendant Kramer's motion for summary judgment dismissing the complaint as against him, or, in the alternative, for partial summary judgment pursuant to CPLR 214-a, unanimously affirmed, without costs.

Dr. Kramer's motion for summary judgment dismissing the complaint as against him was properly denied. Although Dr. Kramer made an adequate prima facie showing that he had not committed malpractice, the responding affidavit of plaintiff's expert was sufficient to raise triable issues as to whether Kramer had, in fact, been negligent in his treatment of plaintiff's symptoms, ultimately, and allegedly belatedly, attributed to ovarian cancer (*cf.*, *Alvarez v Prospect Hosp.*, 68 NY2d 320; *Burt v Lenox Hill Hosp.*, 141 AD2d 378).

The motion court also properly applied the continuous treatment doctrine to toll the Statute of Limitations as to both defendants. The fact that the defendants did not initially diagnose plaintiff's ovarian cancer does not detract from the conclusion that defendants treated plaintiff continuously over the relevant time period for symptoms ultimately traceable to the cancerous condition whose alleged misdiagnosis and alleged mistreatment have given rise to this action (*see, Hill v Manhattan W. Med. Group-H.I.P.*, 242 AD2d 255; *Williams v Health Ins. Plan*, 220 AD2d 343). Concur—Nardelli, J. P., Williams, Tom, Andrias and Buckley, JJ.