■ OLEG SOLOMONIK, as Administrator of the Estate of RIVA VYSHEDSKAYA, Deceased, Appellant, v LUBNA ELAHI et al., Defendants, and STANLEY SHEPKO et al., Respondents. [725 NYS2d 49] —In an action to recover damages for medical malpractice, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Levine, J.), dated August 4, 1999, as granted the motion of the defendant James D. Badia for summary judgment dismissing the complaint insofar as asserted against him, and, upon granting reargument, adhered to a prior determination in an order dated February 17, 1999, granting the motion of the defendant Stanley Shepko for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order dated August 4, 1999, is modified, on the law, by deleting the provision thereof which, upon granting reargument, adhered to the prior determination in the order dated February 17, 1999, granting the motion of the defendant Stanley Shepko for summary judgment dismissing the com-

plaint insofar as asserted against him, and substituting therefor a provision denying the motion of Stanley Shepko, vacating so much of the order dated February 17, 1999, as granted the motion, and reinstating the complaint insofar as asserted against the defendant Stanley Shepko; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the defendant Stanley Shepko to the appellant.

Since the prior appeal by the appellant's decedent from an order of the same court dated February 17, 1999, which, *inter alia*, granted the motion of the defendant Stanley Shepko to dismiss the complaint insofar as asserted against him was dismissed for failure to perfect (*see,* 22 NYCRR 670.8 [e]), the appellant would normally be precluded from relitigating the issues which could have been raised on the prior appeal (*see, Bray v Cox,* 38 NY2d 350). However, this Court retains the authority to entertain a second appeal in the exercise of its discretion even where the prior appeal on the same issue has been dismissed for failure to perfect (*see, Faricelli v TSS Seedman's,* 94 NY2d 772; *Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750; *Aridas v Caserta,* 41 NY2d 1059; *Vecchio v Colangelo,* 274 AD2d 469). Under the particular circumstances of this case, and in view of the lack of prejudice to either party, we exercise our discretion to review the issue of the propriety of the dismissal of the action insofar as asserted against Shepko.

In this medical malpractice action, the complaint alleges, *inter alia*, that the defendants, the primary care physicians for the appellant's decedent, and the radiologists who interpreted her mammograms, failed to timely diagnose her breast cancer. Stanley Shepko, the first of three primary care physicians to whom the decedent was assigned by the defendant Mednet Healthcare Group, and James D. Badia, a diagnostic radiologist who interpreted the mammography studies ordered by Shepko, each moved for summary judgment on the ground that the action was time-barred as to them.

The Supreme Court erred in granting Shepko's motion. The continuous treatment doctrine may be applied to a physician who has left a medical group, by imputing to him or her the continued treatment provided by subsequently-treating physicians in that group (*see, Castano v Lindenhurst Eye Physicians & Surgeons,* 220 AD2d 477; *McKinney v Bay Ridge Med. Group,* 126 AD2d 711; *Watkins v Fromm,* 108 AD2d 233). There is an issue of fact as to whether or not the services Shepko rendered to the decedent fell within the scope of that doctrine (*see,*

*McDermott v Torre,* 56 NY2d 399; *Mandel v Herrmann,* 271 AD2d 661; *Canter v East Nassau Med. Group,* 270 AD2d 381; *Pace v Caron,* 232 AD2d 617).

However, contrary to the appellant's contention, Badia's motion was properly granted, and the complaint was properly dismissed insofar as asserted against him since the continuous treatment doctrine was inapplicable to him as a matter of law. The record showed that he worked only as an hourly independent contractor for the defendant Dr. Mark Novick, director of the defendant radiology group. The limited services Badia provided the decedent, the interpretation, in December 1993, of mammograms taken at that time, were complete and discrete. Thus, this action, which was commenced December 1, 1997, was untimely insofar as asserted against him (*see, McDermott v Torre, supra; Cox v Kingsboro Med. Group,* 214 AD2d 150, *affd* 88 NY2d 904; *Meier v Huntington Hosp. Assn.,* 186 AD2d 637; *Brocco v Westchester Radiological Assocs.,* 175 AD2d 903; *Noack v Symenow,* 132 AD2d 965). Santucci, J. P., Altman, Florio and Luciano, JJ., concur.