■ JOSE RAMIREZ, Respondent, v JOEL FRIEDMAN, Appellant. [731 NYS2d 445] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered on or about June 21, 2000, denying defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Under the continuous treatment doctrine, "the time in which to bring a malpractice action is stayed 'when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint'" (McDermott v Torre, 56 NY2d 399, 405, quoting Borgia v City of New York, 12 NY2d 151, 155). Here, the record establishes that plaintiff's last visit to defendant, on February 6, 1996, was directly related to the surgery performed by defendant which allegedly caused plaintiff permanent facial and

oral numbness. Whether defendant actually "treated" plaintiff during his surgical follow-up visits is not dispositive since defendant was clearly monitoring the progress of plaintiff's post-surgical healing as well as his numbness. Thus, there was an ongoing relationship of trust and confidence between plaintiff and defendant relating to the March 1995 surgeries which continued until plaintiff's last visit to defendant. This being the case, the continuing treatment doctrine is applicable (*see,* *Allende v New York City Health & Hosps. Corp.,* 90 NY2d 333, 338) and plaintiff's action, commenced in March of 1998, is timely.

Contrary to defendant's contentions, plaintiff has raised several questions of fact as to whether the oral surgery performed upon him by defendant was necessary and as to whether he was properly informed of the significant risk of permanent numbness as a result of the surgery. Accordingly, summary judgment in favor of defendant was properly denied. Concur—Nardelli, J. P., Tom, Mazzarelli, Ellerin and Lerner, JJ.