■ CHERYL GEHBAUER, Respondent, v DANIEL C. BAKER, M.D., Appellant. [739 NYS2d 79] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered September 20, 2001, which, in a medical malpractice action, insofar as appealed from, denied defendant's motion to dismiss the complaint as time-barred, unanimously affirmed, without costs.

The motion court properly denied defendant's motion on the ground that an issue of fact exists as to whether plaintiff's last visit to defendant on June 3, 1998, less than 2½ years before she commenced this action on or about November 30, 2000, was part of a continuous course of treatment relating back to the alleged malpractice committed on April 26, 1996 during a surgical procedure (CPLR 214-a; *see, McDermott v Torre*, 56 NY2d 399, 405). That issue is raised by evidence that when plaintiff returned to defendant on May 2 and May 3, 1996 to be examined and to have the sutures removed, she communicated three specific complaints to defendant, including pain in the affected area; that defendant doctor told plaintiff that she should be patient as these symptoms were normal during the postoperative phase and she would improve with time; that the conditions did not improve with time; that plaintiff returned to defendant on June 3, 1998 with the same three specific complaints, and defendant told her that she would need further surgery to remove capsules of scar tissue that had formed around the affected area; that between the May 3, 1996 and the June 3, 1998 visits, plaintiff did not see any other physicians about her condition; and that plaintiff's condition was due to defendant's malpractice in overinflating saline implants and in excessively undermining a sub-pectoral space with surgical instrumentation, which resulted in a tearing of pectoralis muscle in two places.

We reject defendant's contention that plaintiff's allegations, as a matter of law, fail to show that her June 1998 visit, during which she registered the same three specific complaints she had made in May 1996, did not relate to her original condition for which she sought to have the 1996 surgery (*see, Ramirez v Friedman*, 287 AD2d 376). We also reject defendant's contention that the June 1998 visit some 25 months after plaintiff's previous visit on May 3, 1996 was not, as a matter of law, a "timely return visit" for purposes of establishing the

required continuity (*see, Edmonds v Getchonis*, 150 AD2d 879, 881-882 [27-month gap], comparing, inter alia, *Curcio v Ippolito*, 63 NY2d 967, 969 [three-year gap after discharge]). It is significant that during the period between May 3, 1996 and June 3, 1998 plaintiff did not consult any other physicians, supporting her claim of continuing reliance on defendant's 1996 representations that her three specific complaints would resolve with time (*cf., Sposato v Di Giacinto*, 247 AD2d 267). It is also significant that this plaintiff did not cancel a scheduled appointment or "refuse[ ] to undergo corrective treatment" as did the plaintiff in *Coyne v Besser* (165 AD2d 857, 859, *lv denied* 77 NY2d 808), and that multiple tears in the pectoralis muscle do not appear to be a significant, normal risk of this particular surgical procedure. Concur—Williams, P.J., Mazzarelli, Andrias and Marlow, JJ.