■ IRENE MELUP, Plaintiff-Respondent, v KEVIN P. MORRISSEY, M.D., Appellant, et al., Defendant. [771 NYS2d 8]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered August 27, 2003, which, to the extent appealed from, denied defendant Morrissey's motion for partial summary judgment on statute of limitations grounds, unanimously affirmed, without costs.

The "continuous treatment" doctrine applied to the decedent's visit in December 1997, during which Dr. Morrissey performed the colonoscopy that is central to plaintiff's failure-to-diagnose claim (*see* CPLR 214-a; *McDermott v Torre,* 56 NY2d 399, 405-406 [1982]; *Hein v Cornwall Hosp.,* 302 AD2d 170 [2003]). The colonoscopy was a "treatment" within the meaning of the statute—a regularly scheduled visit and part of Dr. Morrissey's monitoring of the decedent, a patient at high risk for colon cancer, during which he excised two small polyps from her colon. The decedent's return visit in September 1998, complaining of anemia and epigastric pain, was sufficiently related to her original condition as to constitute treatment continuous to the December 1997 visit (*see Gehbauer v Baker,* 292 AD2d 255 [2002]). That the decedent consulted other physicians for her anemia between December 1997 and September 1998 does not, under the facts of this case, evince an intention to terminate the physician-patient relationship with Dr. Morrissey. The decedent consulted other internists precisely because she had no reason to believe that her anemia was related to her colonic condition and the allegedly deficient December 1997 colonoscopy. However, the other physicians provided no treatment related to the decedent's colon and, when laboratory tests

failed to reveal the cause of her condition, she returned to Dr. Morrissey and discussed the possibility that her anemia was being caused by gastrointestinal bleeding. In these circumstances, it cannot be said that by seeing other physicians, the decedent evinced an intention to abandon her reliance on Dr. Morrissey's treatment and care (cf. *Allende v New York City Health & Hosps. Corp.*, 90 NY2d 333, 339 [1997]).

It was unnecessary, however, for the court to reach the issue of continuous treatment dating back to 1991, since plaintiff had expressly discontinued all claims for treatment prior to 1997, and there is no evidence of any malpractice before then. Concur—Tom, J.P., Williams, Marlow and Gonzalez, JJ.