■ Marlena Krzesniak, Respondent, v New York University, Appellant. [802 NYS2d 447]—

Order, Supreme Court, New York County (Stanley L. Sklar,
J.), entered March 24, 2005, which, insofar as appealed from,
denied defendant's cross motion for partial summary judgment
dismissing, as time-barred, plaintiff's claims of dental malpractice arising from treatments provided before September 20,
2000, unanimously affirmed, without costs.

Plaintiff alleges that she began a course of orthodontic treatment with defendant in March 1995, during which defendant
negligently failed, inter alia, to periodically remove the brackets
and bands it put on her teeth to allow for a thorough examination, cleaning and prophylactic care. As a result, plaintiff al-

leges, after her braces were removed in November 1998, she immediately began to suffer tooth decay and associated pain, for which she was treated by defendant until September 2002. These allegations, which are supported by an expert's affidavit that defendant does not challenge with an expert's affidavit of its own, suffice to raise an issue of fact as to whether there was a continuous course of treatment that did not end until September 2002, six months before commencement of the action in March 2003. This is not a case where the defendant failed to diagnose and begin treatment of a condition that he or she should have diagnosed while treating the plaintiff for a different, unrelated condition (*e.g. Nykorchuck v Henriques*, 78 NY2d 255 [1991]). Rather, here, defendant's failure to properly treat one condition, crowded teeth, allegedly caused the very condition, tooth decay, that required subsequent corrective treatment. On this record, it cannot be said as a matter of law that the two conditions are so unrelated as to be separate. "Implicit in the [continuous treatment doctrine] is the recognition that the doctor not only is in a position to identify and correct his or her malpractice, but is best placed to do so" (*McDermott v Torre*, 56 NY2d 399, 408 [1982]). We have considered defendant's remaining contentions and find them to be unavailing. Concur—Mazzarelli, J.P., Friedman, Marlow and Nardelli, JJ.