■ Alina Chkhartishvili et al., Respondents, v Vitaly Volovoy, Appellant, et al., Defendant. [844 NYS2d 137]—

In an action, inter alia, to recover damages for medical malpractice, the defendant Vitaly Volovoy, appeals from an order of the Supreme Court, Kings County (Levine, J.), dated February 23, 2007, which denied his motion for partial summary judgment dismissing, as time-barred, so much of the complaint as was based upon alleged acts of malpractice occurring before September 25, 2001, insofar as asserted against him.

Ordered that the order is affirmed, with costs.

The decedent had been seeing the defendant Vitaly Volovoy (hereinafter the defendant) for treatment of various upper body aches and pains (hereinafter the core symptoms) from March 2001 through December 2001. In December 2001 he was diagnosed with lung cancer, ultimately succumbing to the disease on March 26, 2002. The plaintiffs alleged that the defendant failed to timely diagnose and treat the decedent's lung cancer condition.

The defendant established his entitlement to partial summary judgment dismissing, as time-barred, so much of the complaint as was based upon alleged acts of malpractice committed prior to September 25, 2001, i.e., 2½ years before commencement of the action, insofar as asserted against him (*see* CPLR 214-a; *Schreiber v Zimmer,* 17 AD3d 342, 343 [2005]). In opposition, the plaintiffs raised a triable issue of fact as to whether the statute of limitations was tolled by the continuous treatment doctrine based on the defendant's treatment of the decedent's core symptoms (*see Couch v County of Suffolk,* 296 AD2d 194, 196 [2002]; *see also Matter of McCoy v City of New*

*York*, 10 AD3d 724, 725 [2004]; *see generally Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 295-296 [1998]). Accordingly, the Supreme Court properly denied the defendant's motion (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Crane, J.P., Florio, Lifson and Carni, JJ., concur.