■ MARISSA MULE et al., Respondents, v BARTOLO PELORO et al., Defendants, and LAWRENCE LANGAN, Appellant. [875 NYS2d 146]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, the defendant Lawrence Langan appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated September 10, 2007, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

Josephine Cicolello was treated by various doctors at the defendant University Physicians Group (hereinafter UPG) on a number of occasions from August 28, 2000, through September 14, 2004. She was seen by the appellant, Dr. Lawrence Langan, several times; her last appointment with him was on December 4, 2001. From that date through September 14, 2004, Cicolello

was treated on a number of occasions by other doctors at UPG. She was treated at UPG for, among other things, pulmonary and respiratory complaints. Cicolello was diagnosed with lung cancer on October 22, 2004, at a different medical facility, and died on November 11, 2004.

The plaintiffs commenced this action, inter alia, to recover damages for medical malpractice and wrongful death on May 12, 2006, alleging a failure to timely diagnose Cicolello's lung cancer. The appellant moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that the action against him was barred by the expiration of the 2½ year statute of limitations (see CPLR 214-a) since he last treated Cicolello on December 4, 2001, and left UPG on December 31, 2001. The Supreme Court denied the motion.

Medical malpractice actions ordinarily must be commenced "within two years and six months of the act, omission or failure complained of" (DiGiaro v Agrawal, 41 AD3d 764, 767 [2007]; see Nespola v Strang Cancer Prevention Ctr., 36 AD3d 774 [2007]; Pierre-Louis v Ching-Yuan Hwa, 182 AD2d 55, 57 [1992]). However, under the continuous treatment doctrine, the time in which to "bring a malpractice action is stayed 'when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint' " (McDermott v Torre, 56 NY2d 399, 405 [1982], quoting Borgia v City of New York, 12 NY2d 151, 155 [1962]; see Labshere v Petroski, 32 AD3d 645, 646 [2006]). Further, "[t]he continuous treatment doctrine may be applied to a physician who has left a medical group, by imputing to him or her the continued treatment provided by subsequently-treating physicians in that group" (Solomonik v Elahi, 282 AD2d 734, 735 [2001]; see Watkins v Fromm, 108 AD2d 233 [1985]).

The appellant established his prima facie entitlement to summary judgment by submitting evidence that he last treated Cicolello on December 4, 2001 (see Savarese v Shatz, 273 AD2d 219, 220 [2000]). In opposition, however, the plaintiffs submitted evidence raising triable issues of fact as to whether the continuous treatment doctrine is applicable and, if so, whether subsequent treatment may be imputed to the appellant (see LaRocca v DeRicco, 39 AD3d 486 [2007]; Solomonik v Elahi, 282 AD2d at 735). Consequently, the Supreme Court properly denied the appellant's motion for summary judgment dismissing the complaint insofar as asserted against him as time-barred. Mastro, J.P., Balkin, Dickerson and Belen, JJ., concur.