JUDITH ROSENTHAL, Respondent, v JENNY CHING SO et al., Appellants, et al., Defendants. [898 NYS2d 485]—

In an action to recover damages for medical malpractice, the defendants Jenny Ching So, Maxwell B. Plesset, Barbara Alpert, and Mount Kisco Medical Group, P.C., appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Loehr, J.), dated April 20, 2009, as denied that branch of their motion which was for summary judgment dismissing those causes of action which were based upon their alleged acts and/or omissions prior to September 26, 2004, as time-barred pursuant to CPLR 214-a.

Ordered that the order is affirmed insofar as appealed from, with costs.

Beginning in September 2002, the plaintiff received treatment from the defendants Jenny Ching So, Maxwell B. Plesset, Barbara Alpert, and Mount Kisco Medical Group, P.C. (hereinafter collectively the appellants) for genitourinary complaints. In September and October of 2002, testing revealed the presence of blood in the plaintiff's urine (hereinafter hematuria), for which she received treatment from the defendants Jenny Ching So and Maxwell B. Plesset. In July 2003 the plaintiff was again treated by these defendants for hematuria. Starting in May 2004, she was treated for repeated bladder complaints by the defendant Barbara Alpert, as well as for a variety of other, unrelated medical conditions. In March 2005 the plaintiff experienced a gross hematuria. She was seen the next day by Dr. Alpert, which led to a referral to a urologist, and eventual diagnosis and treatment for bladder cancer.

The plaintiff commenced the instant action on March 26, 2006. The appellants moved, inter alia, for summary judgment dismissing those causes of action which were based upon the appellants' alleged acts and/or omissions which occurred prior to September 26, 2004, as time-barred pursuant to CPLR 214-a. In opposition to the appellants' motion, the plaintiff asserted that the doctrine of continuous treatment tolled the statute of limitations. In support of her affidavit in opposition, the plaintiff submitted an expert affidavit attesting that the appellants should have referred the plaintiff for CT scans and cystoscopies in light of her history of hematuria and other bladder complaints.

The appellants established their prima facie entitlement to

judgment as a matter of law with regard to their alleged acts and/or omissions which occurred prior to September 26, 2004, by demonstrating that the complaint was time-barred to the extent that it was based upon those acts and/or omissions (*see* CPLR 214-a; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Gomez v Katz*, 61 AD3d 108, 113 [2009]; *Marks v Model*, 53 AD3d 533 [2008]). In opposition, the plaintiff raised triable issues of fact as to whether the statute of limitations was tolled by the continuous treatment doctrine based on the appellants' treatment (*see Gomez v Katz*, 61 AD3d at 116-117; *Harris v Dizon*, 60 AD3d 495 [2009]; *Chkhartishvili v Volovoy*, 44 AD3d 893 [2007]; *Couch v County of Suffolk*, 296 AD2d 194, 197 [2002]; *Marun v Coleburn*, 291 AD2d 340, 341-342 [2002]). The plaintiff's opposition papers also raised triable issues of fact as to whether the relationship among the defendant doctors would enable their conduct to be imputed as to all of them (*see Mule v Peloro*, 60 AD3d 649, 650 [2009]; *cf. Harris v North Shore Univ. Hosp. at Syosset*, 16 AD3d 549, 551 [2005]).

Accordingly, that branch of the appellants' motion which was for summary judgment dismissing those causes of action which were based upon their alleged acts and/or omissions which took place prior to September 26, 2004, as time-barred pursuant to CPLR 214-a was properly denied. Mastro, J.P., Miller, Austin and Roman, JJ., concur.