On March 10, 2007, the plaintiff Nancy A. Ozimek (hereinafter the injured plaintiff) underwent a mammogram at the office of the defendant Staten Island Physicians Practice, PC. (hereinafter SIPP). The mammogram was studied by the defendant Shashikant Kulkarni, a radiologist employed by SIPP In letters to the injured plaintiff dated March 22, 2007, and June 9, 2007, *834 respectively, Kulkarni informed the injured plaintiff that the mammogram “showed a finding” that required additional examination, and requested that the injured plaintiff contact his office to schedule an “important follow-up visit.” On July 10, 2007, the injured plaintiff returned to SIPP for a follow-up visit. A mammogram was performed, but because there was no radiologist on site, the defendant Taksin Ratnarathorn, another doctor at SIPI] recommended that the injured plaintiff undergo additional examination and an ultrasound at an additional follow-up visit. The injured plaintiff returned to SIPP for an ultrasound on July 27, 2007. In a report dated July 27, 2007, Ratnarathorn noted the existence of cysts and lymph nodes in and around the injured plaintiffs breasts, but stated that these cysts and lymph nodes appeared benign. Ratnarathorn recommended a routine follow-up mammogram in one year. On August 9, 2008, the injured plaintiff returned to SIPP for a screening. In a report dated August 14, 2008, Robert Andrews, another doctor at SIPR noted that the findings in the injured plaintiffs breasts were “benign in appearance,” and recommended a routine follow-up mammogram in one year. The injured plaintiff was diagnosed with breast cancer in the spring of 2009.
On January 11, 2010, the plaintiffs commenced this action against Kulkarni, among others, alleging that Kulkarni was negligent in failing to appreciate the serious nature of the developing mass in the injured plaintiffs right breast after the mammogram of March 10, 2007, and failing to timely recommend that the injured plaintiff go to a surgeon to biopsy the mass in the right breast after the mammogram of March 10, 2007. The Supreme Court granted Kulkarni’s motion for summary judgment dismissing the complaint insofar as asserted against him as time-barred, and the plaintiffs appeal.
Kulkarni established his prima facie entitlement to judgment as a matter of law by demonstrating that the action was commenced more than two years and six months after the alleged acts and omissions which constituted the malpractice cause of action insofar as asserted against him (see Cox v Kingsboro Med. Group, 88 NY2d 904, 906 [1996]; Rosenthal v So, 72 AD3d 784, 784-785 [2010]; Mule v Reloro, 60 AD3d 649, 650 [2009]). However, in opposition, the plaintiffs raised a triable issue of fact as to whether the injured plaintiff was undergoing a continuous course of treatment with respect to the nodules in her breasts at least through July 27, 2007, which is less than two years and six months prior to the commencement of this action (see CPLR 214-a; Cherise v Braff, 50 AD3d 724, 726 [2008]; Sosnoff v Jackman, 45 AD 3d 568, 570 [2007]; Texeria v BAB *835 Nuclear Radiology, P.C., 43 AD3d 403, 404-405 [2007]). Although Kulkarni presented evidence that he left the employ of SIPP on July 6, 2007, and did not personally treat the injured plaintiff after that date, the “ ‘continuous treatment doctrine may be applied to a physician who has left a medical group, by imputing to him or her the continued treatment provided by subsequently-treating physicians in that group’ ” (Mule v Peloro, 60 AD3d at 650, quoting Solomonik v Elahi, 282 AD2d 734, 735 [2001]; see Watkins v Fromm, 108 AD2d 233, 239-242 [1985]). Accordingly, the Supreme Court should have denied Kulkarni’s motion for summary judgment dismissing the complaint insofar as asserted against him as time-barred.
In light of our determination, we need not reach the plaintiffs’ remaining contention. Angiolillo, J.P., Balkin, Lott and Roman, JJ., concur.