■ Laura Miccio et al., Respondents, v Elliot Gerdis, D.D.S., et al., Appellants. [990 NYS2d 863]—

In an action, inter alia, to recover damages for dental malpractice, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (LaSalle, J.), dated March 6, 2013, which denied their motion, inter alia, for summary judgment dismissing the complaint as to any claims arising on or before April 1, 2008.

Ordered that the order is affirmed, with costs.

The plaintiffs alleged, among other things, that the defendants were negligent in failing to diagnose and treat the plaintiff Laura Miccio's condition of loosening teeth due to inadequate bone support and receding gums, and failing to diagnose a tumor which was causing her gums and jaw bone to deteriorate.

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the claims arising on or before April 1, 2008, by demonstrating that the action was not commenced by filing until October 1, 2010 (*see Cox v Kingsboro Med. Group*, 88 NY2d 904, 906 [1996]; *Peykarian v Yin Chu Chien*, 109 AD3d 806, 807 [2013]; *Fraumeni v Oakwood Dental Arts, LLC*, 108 AD3d 495, 496 [2013]; *Salerno v Huntington Hosp. Dolan Family Health Ctr., Inc.*, 98 AD3d 730 [2012]; *Gomez v Katz*, 61 AD3d 108, 113 [2009]). However, in opposition, the plaintiffs raised triable issues of fact as to whether Laura Miccio received continuous treatment for her loose teeth and receding gums, which allegedly were symptomatic of the tumor the defendants failed to diagnose. The failure to make the correct diagnosis as to the underlying condition while continuing to treat the symptoms does not mean, for purposes of continuity, that there has not been treatment (*see Hein v Cornwall Hosp.*, 302 AD2d 170, 174 [2003]; *Dellert v Kramer*, 280 AD2d 438 [2001]). Thus, a physician or hospital cannot defeat the application of the continuous treatment doctrine merely because of a failure to make a correct diagnosis as to the underlying condition, where it treated the patient continuously over the relevant time period for symptoms that are ultimately traced to that condition (*see Chestnut v Bobb-McKoy*, 94 AD3d 659, 661 [2012]; *Chkhartishvili v Volovoy*, 44 AD3d 893, 893-894 [2007]; *Couch v County of Suffolk*, 296 AD2d 194, 197 [2002]).

The defendants' remaining contentions are without merit.

Thus, the Supreme Court properly denied the defendants' motion, inter alia, for summary judgment dismissing the complaint as to any claims arising on or before April 1, 2008. Mastro, J.P., Dickerson, Hinds-Radix and Duffy, JJ., concur.