■ LIONEL MATTHEWS, as Administrator of the Estate of CYNTHIA MATTHEWS, Deceased, et al., Respondents, v LIONEL P. BARRAU, M.D., Appellant. [55 NYS3d 282]—

In an action to recover damages for medical malpractice, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Woodard, J.), dated May 7, 2014, which denied

his motion, in effect, for summary judgment dismissing the complaint as time-barred, and to dismiss the complaint for lack of personal jurisdiction, and granted the plaintiffs' cross motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant, and pursuant to CPLR 308 (5) to direct an alternative method for service of process.

Ordered that the order is affirmed, with costs.

On September 27, 2013, the plaintiffs commenced this action alleging medical malpractice based on the defendant's failure to timely diagnose and treat Cynthia Matthews's lung cancer. The defendant's last contact with Cynthia Matthews occurred on March 10, 2010, at the office of the nonparty Yunis, Roberts & Barrau, P.C. Thereafter, the defendant retired from the practice. Cynthia Matthews continued to see other physicians in the practice and was ultimately diagnosed with lung cancer in March 2011. After issue was joined, the defendant moved, in effect, for summary judgment dismissing the complaint as time-barred, and to dismiss the complaint for lack of personal jurisdiction. The plaintiffs cross-moved to extend the time to serve the summons and complaint upon the defendant, and to direct an alternative method for service of process. The Supreme Court denied the defendant's motion and granted the plaintiffs' cross motion. The defendant appeals, and we affirm.

"An action for medical, dental or podiatric malpractice must be commenced within two years and six months of the act, omission or failure complained of or last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure" (CPLR 214-a).

The continuous treatment doctrine tolls the statute of limitations for medical malpractice actions when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint (see Young v New York City Health & Hosps. Corp., 91 NY2d 291, 296 [1998]; Chestnut v Bobb-McKoy, 94 AD3d 659, 660 [2012]). With respect to failure-to-diagnose cases, a physician "cannot escape liability under the continuous treatment doctrine merely because of a failure to make a correct diagnosis as to the underlying condition, where [he or she] treated the patient continuously over the relevant time period for symptoms that are ultimately traced to that condition" (Chestnut v Bobb-McKoy, 94 AD3d at 661; see Miccio v Gerdis, 120 AD3d 639, 640 [2014]). The continuous treatment doctrine may be applied to a physician who has left a medical practice

by imputing to him or her the continued treatment provided by subsequent treating physicians in that practice (see *Ozimek v Staten Is. Physicians Practice, P.C.*, 101 AD3d 833, 835 [2012]; *Mule v Peloro*, 60 AD3d 649, 650 [2009]; *Solomonik v Elahi*, 282 AD2d 734, 735 [2001]).

Here, as the defendant's last contact with Cynthia Matthews was on March 10, 2010, the defendant established his prima facie entitlement to judgment as a matter of law by demonstrating that the action was commenced more than two years and six months after the alleged acts and omissions which constituted the malpractice cause of action against him (see CPLR 214-a; *Miccio v Gerdis*, 120 AD3d at 640; *Ozimek v Staten Is. Physicians Practice, P.C.*, 101 AD3d at 834; *Chkhartishvili v Volovoy*, 44 AD3d 893 [2007]). However, in opposition, the plaintiffs raised a triable issue of fact as to whether Cynthia Matthews was undergoing a continuous course of treatment with the defendant's medical group with respect to symptoms that could ultimately be traced to lung cancer at least through March 27, 2011, two years and six months prior to the commencement of the action (see CPLR 214-a; *Miccio v Gerdis*, 120 AD3d at 640; *Chestnut v Bobb-McKoy*, 94 AD3d at 661-662; *Chkhartishvili v Volovoy*, 44 AD3d at 893; *Shifrina v City of New York*, 5 AD3d 660, 662 [2004]). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was, in effect, for summary judgment dismissing the complaint as time-barred.

Generally, service of a summons and complaint must be made within 120 days after the commencement of the action (see CPLR 306-b). If service is not made within the time provided, the court, upon motion, must dismiss the action without prejudice, or, "upon good cause shown or in the interest of justice, extend the time for service" (*id.*). "An extension of time for service is a matter within the court's discretion" (*Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 101 [2001]).

In determining whether an extension of time for service is warranted in the interest of justice, a court may consider "diligence, or lack thereof, along with any other relevant factor . . . including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (*id.* at 105-106).

Here, within 120 days of the filing of the summons and complaint, the plaintiffs' process server made efforts to serve the defendant, who had apparently relocated to Haiti. Moreover, after the defendant contested proper service, the plaintiffs

promptly, and still within the 120-day period, cross-moved for an extension of time within which to serve the defendant. In addition, the plaintiffs established that the cause of action is potentially meritorious and the defendant failed to demonstrate prejudice, particularly in light of evidence that he had actual notice of the action. Under these circumstances, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was to dismiss the complaint for lack of personal jurisdiction and in granting, in the interest of justice, that branch of the plaintiffs' cross motion which was to extend the time to serve the summons and complaint upon the defendant (*see* CPLR 306-b; *Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95 [2001]; *Thompson v City of New York*, 89 AD3d 1011, 1012 [2011]).

CPLR 308 (5) vests a court with discretion to direct an alternative method for service of process when it has determined that the methods set forth in CPLR 308 (1), (2), and (4) are impracticable (*see Born To Build, LLC v Saleh*, 139 AD3d 654, 655 [2016]; *State St. Bank & Trust Co. v Coakley*, 16 AD3d 403, 403 [2005]; *Home Fed. Sav. Bank v Versace*, 252 AD2d 480, 480 [1998]).

Here, the Supreme Court providently exercised its discretion in granting that branch of the plaintiffs' cross motion which was to direct an alternative method for service of process upon the defendant, as the plaintiffs submitted evidence indicating, inter alia, that the defendant retired from his business, left New York, and was residing at an unspecified location in Haiti, and, thus, that service by the methods set forth in CPLR 308 (1), (2), and (4) was impracticable (*see* CPLR 308 [5]; *Born To Build, LLC v Saleh*, 139 AD3d at 655-656; *Astrologo v Serra*, 240 AD2d 606 [1997]). Moreover, as the plaintiffs submitted evidence that the defendant had been in contact with his excess liability insurance carrier with regard to the plaintiffs' action, the court providently directed service upon the insurance carrier, as this method of service was reasonably calculated to apprise the defendant of the pending action against him and afford him an opportunity to be heard (*see Esposito v Ruggerio*, 193 AD2d 713, 714 [1993]; *Saulo v Noumi*, 119 AD2d 657, 658 [1986]; *see generally Dobkin v Chapman*, 21 NY2d 490, 503 [1968]). Rivera, J.P., Balkin, Barros and Brathwaite Nelson, JJ., concur.