Bellamy v Baron (2021 NY Slip Op 00953)





Bellamy v Baron


2021 NY Slip Op 00953


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


816 CA 19-01874

[*1]SVETLANA BELLAMY, PLAINTIFF-APPELLANT,
v
STEVEN S. BARON, D.M.D., DORON KALMAN, D.D.S., DORON KALMAN, D.D.S., P.C., DOING BUSINESS AS KALMAN ORAL SURGERY & IMPLANT CENTER, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 






LUTFY & SANTORA, STATEN ISLAND (JAMES L. LUTFY OF COUNSEL), FOR PLAINTIFF-APPELLANT.
GOLDBERG SEGALLA LLP, SYRACUSE (LISA M. ROBINSON OF COUNSEL), FOR DEFENDANT-RESPONDENT STEVEN S. BARON, D.M.D.
CUOMO LLC, NEW YORK CITY (ROBERT A. ROSENFELD OF COUNSEL), FOR DEFENDANTS-RESPONDENTS DORON KALMAN, D.D.S. AND DORON KALMAN, D.D.S., P.C., DOING BUSINESS AS KALMAN ORAL SURGERY & IMPLANT CENTER.


 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered September 19, 2019. The order, insofar as appealed from, granted in part the motion of defendant Steven S. Baron, D.M.D. for summary judgment dismissing the amended complaint against him and granted in its entirety the motion of Doron Kalman, D.D.S., and Doron Kalman, D.D.S., P.C., doing business as Kalman Oral Surgery & Implant Center for summary judgment dismissing the amended complaint against them. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion of Doron Kalman, D.D.S. and Doron Kalman, D.D.S., P.C., doing business as Kalman Oral Surgery & Implant Center, is denied, the motion of Steven S. Baron, D.M.D. is denied in its entirety, and the amended complaint against them is reinstated in its entirety.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries that she allegedly sustained while in the care of Doron Kalman, D.D.S. (Kalman), Doron Kalman, D.D.S., P.C., doing business as Kalman Oral Surgery & Implant Center (collectively, Kalman defendants), and Steven S. Baron, D.M.D. (collectively, defendants). Plaintiff first saw Baron in July 2007 seeking relief from pain in three quadrants of her jaw, including the upper left. Baron referred plaintiff to Kalman's office, and Kalman, in accordance with a treatment plan of disputed origin, extracted several of plaintiff's teeth and replaced them with dental implants. Plaintiff thereafter returned to Baron, who, in accordance with the treatment plan, placed crowns on the implants. Defendants were aware beginning in July 2007 that plaintiff was also treating with a neurologist and taking prescription medication for neuropathic pain in her mouth. After undergoing the initial treatment, plaintiff continued to treat with defendants for nearly four years, complaining of recurrent pain in the upper left quadrant of her jaw. She last treated with Kalman on May 5, 2011, and subsequently sought treatment from a third dentist, who informed her that the implants were failures and removed them. Plaintiff commenced this action on March 12, 2013, asserting causes of action for dental malpractice and lack of informed consent. Plaintiff's amended complaint, as amplified by her amended bills of particulars, alleged, inter alia, that the Kalman defendants were negligent in extracting nine specific teeth throughout three quadrants of her jaw even though those teeth could have been saved, in failing [*2]to recommend root canal retreatment or to refer plaintiff to an endodontist, and in performing unnecessary extractions without a reasonable basis in dentistry, and that Baron was negligent in recommending a treatment plan calling for the extraction of teeth and installment of implants, although he lacked the expertise to develop such a plan.
We agree with plaintiff that Supreme Court erred in granting the Kalman defendants' motion for summary judgment dismissing the amended complaint against them and that the court erred insofar as it granted that part of Baron's motion for summary judgment dismissing the dental malpractice cause of action against him. We therefore reverse the order insofar as appealed from, deny the motion of the Kalman defendants, deny Baron's motion in its entirety, and reinstate the amended complaint against defendants in its entirety.
We note at the outset that, to the extent that plaintiff seeks a ruling that defendants are jointly and severally liable or engaged in a joint venture, her contention is not properly before us because she failed to move for summary judgment on either of those grounds (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Plaintiff contends that the court erred in granting the Kalman defendants' motion on the ground that the complaint is time-barred (see CPLR 214-a). We agree. By demonstrating that the action was not commenced until March 12, 2013, the Kalman defendants met their burden of establishing entitlement to judgment as a matter of law dismissing any claims arising before September 12, 2010 (see Miccio v Gerdis, 120 AD3d 639, 640 [2d Dept 2014]). The burden then shifted to plaintiff to establish the applicability of the continuous treatment toll (see Nailor v Oberoi, 237 AD2d 898, 898 [4th Dept 1997]; see also Clifford v Kates, 169 AD3d 1375, 1377-1378 [4th Dept 2019]). Continuous treatment "tolls the 2½-year statute of limitations for bringing an action for medical or dental malpractice until the end of a course of treatment for a particular condition" (Rudolph v Jerry Lynn, D.D.S., P.C., 16 AD3d 261, 262 [1st Dept 2005]). The rationale is that "the best interests of a patient warrant continued treatment with an existing provider, rather than stopping treatment, as 'the [existing provider] not only is in a position to identify and correct his or her malpractice, but is best placed to do so' " (id., quoting McDermott v Torre, 56 NY2d 399, 408 [1982]; see Lohnas v Luzi, 30 NY3d 752, 755-756 [2018]).
Plaintiff raised an issue of fact whether the continuous treatment toll applies (see Clifford, 169 AD3d at 1377-1378). Plaintiff's deposition testimony was before the court because it was submitted by the Kalman defendants in support of their motion. Therein, plaintiff testified that she first presented to Baron's office complaining of mouth pain and that she was sent to Kalman's office, which she visited immediately. She then returned to Baron to confirm Kalman's opinion that certain teeth should be extracted. After the extractions, plaintiff called Kalman on the phone "many times complaining about the pain." On two subsequent occasions, Kalman removed crowns that Baron had placed in plaintiff's mouth, the last such occasion being on May 5, 2011. Kalman's ostensible reason for removing the crowns was to treat pain, irritation, and inflammation in plaintiff's mouth. Plaintiff testified that, despite the removal of the crowns, her mouth pain persisted. Furthermore, in opposition to the motion, plaintiff submitted the affidavit of her expert periodontist, who opined that Kalman's act of extracting plaintiff's teeth and replacing them with implants exacerbated the neuropathic pain in the upper left quadrant of her jaw. Plaintiff's submissions thus established that she continued to treat with Kalman until May 5, 2011, in order to address pain for which she initially presented to Kalman's office and which was made worse by Kalman's initial treatment of her (see generally Miccio, 120 AD3d at 640; Krzesniak v New York Univ., 22 AD3d 378, 379 [1st Dept 2005]; Rudolph, 16 AD3d at 262).
We reject the Kalman defendants' assertion that, for the continuous treatment toll to apply, plaintiff was required to establish that she and Kalman "reasonably intended plaintiff's uninterrupted reliance upon [Kalman's] observation, directions, concern, and responsibility for overseeing plaintiff's progress" (Lohnas, 30 NY3d at 755 [internal quotation marks omitted]). The instant case does not involve gaps in treatment longer than the 2½-year statute of limitations (cf. id.; Shumway v DeLaus, 152 AD2d 951, 951 [4th Dept 1989]), and "a discharge by a physician [or dentist] does not preclude application of the continuous treatment toll if the patient timely initiates a return visit to complain about and seek further treatment for conditions related to the earlier treatment" (Gomez v Katz, 61 AD3d 108, 113 [2d Dept 2009]; see McDermott, 56 NY2d at 406).
Plaintiff further contends that defendants failed to meet their respective burdens of establishing that they did not deviate from the standard of care. We agree. Where, as here, an expert's affidavit "fails to address each of the specific factual claims of negligence raised in plaintiff's bill of particulars, that affidavit is insufficient to support a motion for summary judgment as a matter of law" (Larsen v Banwar, 70 AD3d 1337, 1338 [4th Dept 2010]; see Gagnon v St. Joseph's Hosp., 90 AD3d 1605, 1605 [4th Dept 2011]; James v Wormuth, 74 AD3d 1895, 1895 [4th Dept 2010]). Additionally, insofar as Baron denies any involvement in recommending the treatment plan, his denials contradict the deposition testimony of Kalman, who stated that Baron told him which of plaintiff's teeth were to be extracted and that Baron participated in creating the treatment plan and consented to the plan. Baron submitted Kalman's deposition in support of Baron's motion, thereby raising issues of fact whether he deviated from the standard of care in recommending the treatment plan and whether any such deviation was a proximate cause of plaintiff's injuries (see Giancarlo v Kurek, 160 AD3d 1368, 1369 [4th Dept 2018]). In any event, by submitting the affidavits of her experts, plaintiff raised issues of fact whether defendants deviated from the standard of care and whether such deviation was a proximate cause of plaintiff's injuries (see Chavis v Syracuse Community Health Ctr., Inc., 96 AD3d 1489, 1490 [4th Dept 2012]).
Plaintiff also contends that the court erred in granting the Kalman defendants' motion with respect to the informed consent cause of action against them. We agree. Even assuming, arguendo, that the Kalman defendants met their initial burden, we conclude that plaintiff raised an issue of fact whether she would have opted for extraction of several teeth and placement of implants had she been fully informed (see generally Angelhow v Chahfe, 174 AD3d 1285, 1287-1288 [4th Dept 2019]). Plaintiff's expert periodontist stated within a reasonable degree of certainty that sequential extraction of teeth was a reasonable alternative procedure that would have reduced the adverse effect of surgery on plaintiff's neuropathic pain. Kalman, however, failed to inform plaintiff of the risks and benefits of such a procedure, and a reasonable patient informed of the risks of the procedure performed here by defendants would not have consented to it in the presence of longstanding neuropathic pain.
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court