Meyer v Cabot Lodge Sec. LLC (2024 NY Slip Op 00276)

Meyer v Cabot Lodge Sec. LLC

2024 NY Slip Op 00276

Decided on January 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2024

Before: Webber, J.P., Kern, González, Kennedy, Rosado, JJ. 

Index No. 653746/22 Appeal No. 1515 Case No. 2023-03243 

[*1]Robert G. Meyer et al., Plaintiffs-Appellants,
v
Cabot Lodge Securities LLC, Defendant-Respondent, First Capital Real Estate Trust Inc., Nominal Defendant.

Glancy Prongay & Murray LLP, New York (Brian P. Murray of counsel), for appellant.
Marshall Dennehey Warner Coleman & Goggin, P.C., New York (Nicholas P. Chrysanthem of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered April 25, 2023, which granted defendant's motion to dismiss the action as barred by the statute of limitations, unanimously affirmed, without costs.
Defendant acted as the dealer manager of an IPO for nominal defendant company. Under the parties' agreement and Financial Industry Regulatory Authority (FINRA) rules, defendant's compensation for organization and offering expenses, could not exceed 15% (including no more than 10% in underwriting fees) of the gross proceeds of the IPO. Defendant terminated the offering and the agreement in February 2016. At that time, defendant was obligated to pay nominal defendant company any overage of those expenses. Plaintiffs, as shareholders of nominal defendant company, commenced this derivative action in October 2022 to recover payment of the overage. However, all causes of action in the plaintiffs' complaint are barred by the statute of limitations.
The breach of contract claim accrued in February 2016 (Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402 [1993]). The same is true of the breach of fiduciary duty claim. Contrary to plaintiffs' contention, the breach of fiduciary duty claim was not tolled by the open repudiation doctrine, which only applies to claims for equitable relief (Cusimano v Schnurr, 137 AD3d 527, 530 [1st Dept 2016]). Moreover, defendant's fiduciary obligations ended when it terminated the agreement (Westchester Religious Inst. v Kamerman, 262 AD2d 131 [1st Dept 1999]). The same is true for plaintiffs' claim for an equitable accounting.
There was only a single wrongful act here, i.e., the failure to pay the overage upon conclusion of the offering, which does not toll the limitations periods under the continuing wrong doctrine (Town of Oyster Bay v Lizza Indus., Inc., 22 NY3d 1024, 1031—1032 [2013]).
Plaintiffs cannot assert for the first time on appeal a claim for a constructive trust (Haughton v Merrill Lynch, Pierce, Fenner & Smith, 278 AD2d 29, 30 [1st Dept 2000]). In any event, the claim for a constructive trust also accrued upon defendant's failure to pay the overage when due, upon the conclusion of the offering in February 2016, and is similarly time-barred.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2024