Karanevich-Dono v Haas (2024 NY Slip Op 05137)

Karanevich-Dono v Haas

2024 NY Slip Op 05137

Decided on October 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 17, 2024

Before: Manzanet-Daniels, J.P., Singh, Rosado, O'Neill Levy, JJ. 

Index No. 805377/18 Appeal No. 2751 Case No. 2023-04754 

[*1]Janet Karanevich-Dono, Plaintiff-Appellant,
v
Steven B. Haas, M.D., et al., Defendants-Respondents.

Hegge & Confusione, LLC, New York (Michael Confusione counsel), for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for respondents.

Order, Supreme Court, New York County (Erika M. Edwards, J.), entered on or about April 6, 2023, which, to the extent appealed from as limited by the briefs, granted in part defendants' motion under CPLR 3211(a)(5) to dismiss the medical malpractice cause of action regarding treatment of plaintiff's right knee before May 21, 2016 as barred by the statute of limitations, and for summary judgment seeking to dismiss the medical malpractice and lack of informed consent causes of action, unanimously modified, on the law, to deny the motion insofar as it sought to dismiss the medical malpractice cause of action on the basis of the statute of limitations, and otherwise affirmed, without costs.
Defendants fail to establish that plaintiff's claims involving treatment of her right knee before May 21, 2016 are time-barred. Given the evidence of "an ongoing relationship of trust and confidence between the patient and physician," the record presents disputed issues of fact regarding whether the continuous treatment doctrine applies, thus precluding dismissal at this stage of the litigation (Devadas v Niksarli, 120 AD3d 1000, 1006 [1st Dept 2014], quoting Ramirez v Friedman, 287 AD2d 376, 377 [1st Dept 2001] [internal quotation marks omitted]; see also Nykorchuck v Henriques, 78 NY2d 255, 258 [1991]). The 34-month gap between the one-year postoperative follow-up visit after plaintiff's right total knee replacement and her next complaint to defendant Dr. Steven B. Haas, M.D. about pain in his right knee does not prevent application of the doctrine as a matter of law, as plaintiff visited no orthopedic surgeon other than defendant Dr. Haas during that period, and she returned to Dr. Haas to address increased pain in her right knee, which even he determined would require revision surgery.
Defendants did, however, establish their prima facie entitlement to summary judgment dismissing so much of plaintiff's medical malpractice claim as arose from an alleged deviation from good and accepted practice by using minimally invasive surgery for both right and left total knee replacements (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). That theory of liability was improperly raised for the first time in opposition to defendants' summary judgment motion, and it was not pleaded in the complaint and bill of particulars, nor was it raised as an issue in Dr. Haas's deposition (see Valette v Correa, 216 AD3d 500, 500-501 [1st Dept 2023]; Vega v Kirschenbaum, 209 AD3d 458, 459 [1st Dept 2022]). In any event, plaintiff's expert finds no support in the record for the assertion that Dr. Haas was hampered in performing the procedure by plaintiff's physical condition, whereas the reuse of the same incision by the other physician performing the subsequent revision surgery undermines the conclusion of plaintiff's expert (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]).
Defendants also established prima [*2]facie entitlement to summary judgment dismissing plaintiff's cause of action for lack of informed consent (Public Health Law § 2805-d[1], [3]; see Orphan v Pilnik, 66 AD3d 543, 544 [2009], affd 15 NY3d 907 [2010]). Plaintiff's own expert conceded that Dr. Haas warned plaintiff of the risks associated with total knee replacement surgery. The expert's only theory of inadequate warning — that Dr. Haas did not discuss additional risks associated with minimally invasive surgery — was also improperly raised for the first time in opposition to defendants' summary judgment motion (Vega, 209 AD3d at 459). Moreover, there is no evidence that plaintiff would have forgone the surgery had she been informed of additional risks of the minimal incisions used. The record shows instead that plaintiff's condition was so serious that a reasonable person informed of the risks would have undergone the surgeries (see Orphan, 66 AD3d at 544).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 17, 2024