■ REGINA CASTANO et al., Appellants, v LINDENHURST EYE PHYSICIANS AND SURGEONS, P. C., et al., Defendants, and OTTO

CAMPOS, Respondent. [632 NYS2d 167] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated April 7, 1994, which granted the motion of the defendant Dr. Otto Campos pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred insofar as it is asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as it is asserted against the defendant Dr. Otto Campos.

In this medical malpractice action the plaintiff Regina Castano (hereinafter Regina), was a patient of Dr. Otto Campos and underwent eye surgery performed by Dr. Campos on June 12, 1986. At the time of the operation Dr. Campos was practicing under the professional corporation known as Otto Campos, M.D., P. C. Thereafter, on September 30, 1986, Dr. Campos retired from the practice of medicine. Regina was subsequently treated by Dr. Richard Nattis, who had practiced with Dr. Campos until his retirement and then joined Lindenhurst Eye Physicians and Surgeons, P. C. (hereinafter Lindenhurst). Dr. Campos came out of retirement and also joined Lindenhurst as an employee from June 1, 1987, until his resignation on September 30, 1988. His last treatment of Regina occurred on September 26, 1988, although she continued to be treated at Lindenhurst until April 1992.

Dr. Campos was served with a summons and complaint on March 2, 1993, and subsequently brought this motion to dismiss the action insofar as it is asserted against him on the theory that the action was time-barred pursuant to CPLR 214-a because the Statute of Limitations had expired on March 26, 1991, two years and six months after he last treated Regina on September 26, 1988. The plaintiffs contended, *inter alia,* that the medical treatment of Regina rendered by Dr. Richard Nattis and others employed by Lindenhurst after the resignation of Dr. Campos was sufficient to toll the Statute of Limitations period through April 1992, pursuant to the continuous treatment doctrine. The Supreme Court granted the motion of Dr. Campos pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred insofar as it is asserted against him.

Contrary to the determination of the Supreme Court, there is a question of fact as to whether the medical treatment of Regina rendered by Dr. Nattis and others employed by Lindenhurst after the date on which Dr. Campos last treated her was sufficient to toll the Statute of Limitations on the claim against him pursuant to the continuous treatment doctrine *(see,*

*Watkins v Fromm,* 108 AD2d 233). Bracken, J. P., Sullivan, Friedmann and Krausman, JJ., concur.