■ ROBERT URGOVITCH, by His Father and Natural Guardian, CHARLES URGOVITCH, Appellant-Respondent, v MT. SINAI MEDICAL CENTER, Respondent, and ALAN M. ARON, Respondent-Appellant, et al., Defendants. [665 NYS2d 412] —Order and judgment (one paper), Supreme Court, New York County (Karla Moskowitz, J.), entered February 14, 1997, which, *inter alia*, granted defendants' motion for summary judgment to the extent of dismissing the action against defendant Mt. Sinai Medical Center, unanimously modified, on the law, to the extent of denying defendants' motion for summary judgment and reinstating the action as against Mt. Sinai Medical Center, and otherwise affirmed, without costs or disbursements.

Plaintiff Robert Urgovitch suffers from seizures and mental retardation. He was born on May 5, 1967, in St. Mary's Hospital, and after he tested positive for meningitis, he was transferred on May 9, 1967 to Mt. Sinai Hospital. One day after his admission, defendant Alan Aron, M.D., a pediatric neurologist, began treating the plaintiff. He was treated at Mt. Sinai for meningitis through July 11, 1967, when he was discharged. In September of 1967, after his parents returned with him to Dr. Aron, he was diagnosed with having hydrocephalus secondary to neonatal meningitis and admitted for a

second Mt. Sinai hospitalization. He remained under the care and treatment of Dr. Aron until February 7, 1989. This action was begun on September 12, 1989, alleging negligence in the treatment of the meningitis during the initial Mt. Sinai hospitalization. Defendants moved for summary judgment on the grounds that the malpractice claim was time-barred and that there had been no deviation from the standard of practice.

We agree with the IAS Court that if defendant Aron treated plaintiff for meningitis in the hospital, then his subsequent treatment of the hydrocephalus and seizures was part of a continuous course of treatment for the same condition that gave rise to the alleged malpractice (*Ganess v City of New York*, 85 NY2d 733, 736).

However, we disagree with the conclusion that since Dr. Aron subsequently saw the plaintiff as a private out-patient, this later treatment cannot be imputed to the defendant hospital. The fact that a doctor is affiliated with a hospital, but not employed by the hospital, is not enough to impute the doctor's conduct to the hospital (*Ruane v Niagara Falls Mem. Med. Ctr.*, 60 NY2d 908, 909). Nevertheless, the record shows that issues of fact remain as to the nature of Dr. Aron's relationship with the hospital faculty practice, including whether the hospital shared billing and/or fees with Dr. Aron during the applicable periods herein. This would be relevant to the issue of continuous treatment as to the hospital, and we, therefore, modify to deny summary judgment to the hospital at this time. Concur—Milonas, J. P., Nardelli, Rubin, Mazzarelli and Andrias, JJ.