■ Felipe Cardenales et al., Appellants, v Queens-Long Island Medical Group, P.C., et al., Defendants, and Donald Nicolardi et al., Respondents. [795 NYS2d 736]—

In an action to recover damages for medical malpractice and wrongful death, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), dated October 29, 2003, as granted the motion of the defendant Liviu Schapira for summary judgment dismissing the complaint insofar as asserted against him as time-barred and granted the motion of the defendant Donald Nicolardi for summary judgment dismissing so much of the complaint as asserted claims against him for treatment he rendered before January 9, 1999, as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motions are denied, and the complaint is reinstated against the defendant Liviu Schapira, and so much of the complaint as asserted claims against the defendant Donald Nicolardi for treatment he rendered before January 9, 1999, is reinstated.

The plaintiffs commenced this action in July 2001 to recover damages for medical malpractice and wrongful death after the plaintiffs' decedent, Aurelia Cardenales, allegedly died as the result of negligent medical care in the diagnosis and treatment of colon cancer. The defendant Liviu Schapira, one of the doctors who treated her, moved for summary judgment dismissing the complaint insofar as asserted against him as time-barred. Schapira argued that he had not treated the decedent within the relevant period of limitation (*see* CPLR 214-a). The defendant Donald Nicolardi, another doctor who treated the decedent,

also moved for summary judgment dismissing so much of the complaint as asserted claims against him for treatment he rendered before January 9, 1999. Nicolardi treated the decedent before and during the relevant period of limitation, but argued that his treatment was not continuous. The Supreme Court granted the motions. We reverse.

For all relevant periods up until the time of her death, the decedent was under the care and treatment of the defendant Queens-Long Island Medical Group, P.C. (hereinafter the Medical Group). There existed a relationship between Schapira and the Medical Group, and Nicolardi and the Medical Group, such that the continuous treatment of the decedent by the Medical Group serves as a basis for tolling the statute of limitations as to those defendants (*see McDermott v Torre,* 56 NY2d 399 [1982]; *Kimiatek v Post,* 240 AD2d 372 [1997]; *Watkins v Fromm,* 108 AD2d 233 [1985]). Thus, their respective motions should have been denied. Prudenti, P.J., S. Miller, Ritter and Goldstein, JJ., concur.