◼ VINCENT SCALCIONE et al., Appellants, v WINTHROP UNIVERSITY HOSPITAL et al., Defendants, and WILLIAM SCOTT et al., Respondents. [863 NYS2d 42]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Davis, J.), dated January 9, 2007, which, upon an order of the same court dated October 23, 2006, granting the motion of the defendants William Scott and Winthrop Cardiovascular & Thoracic Surgery, P.C., for summary judgment dismissing the amended complaint insofar as asserted against them as time-barred and denying the plaintiffs' cross motion for summary judgment and to dismiss the statute of limitations affirmative defense asserted by those defendants, is in favor of those defendants and against the plaintiffs, dismissing the amended complaint insofar as asserted against those defendants.

Ordered that the judgment is reversed, on the law, with costs, the motion of the defendants William Scott and Winthrop Cardiovascular & Thoracic Surgery, P.C., for summary judgment dismissing the amended complaint insofar as asserted against them is denied, the amended complaint is reinstated as against those defendants, and the order dated October 23, 2006, is modified accordingly.

Initially, we note that the plaintiffs previously appealed from the order dated October 23, 2006, upon which the judgment appealed from was entered. That appeal was dismissed by this Court for failure to prosecute. While the plaintiffs ordinarily would be precluded from relitigating the issues which could have been raised on the prior appeal (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750 [1999]; Bray v Cox, 38 NY2d 350, 353 [1976]), under the circumstances of this case, we exercise our discretion to determine the issues raised on the instant appeal (see Faricelli v TSS Seedman's, 94 NY2d 772, 774 [1999]; Sharp v Sharp, 27 AD3d 639 [2006]).

On June 6, 1997, the plaintiff Vincent Scalcione (hereinafter the plaintiff) was admitted to Winthrop University Hospital as a surgery patient of Dr. Alan Hartman. Dr. Alan Hartman and Dr. William Scott, both members of Winthrop Cardiovascular & Thoracic Surgery, P.C. (hereinafter Cardiovascular), performed heart surgery on the plaintiff. From June 6, 1997, until June 7,

1997, Dr. Scott covered for Dr. Hartman by giving the plaintiff postoperative care in the hospital. After the plaintiff developed complications, Dr. George Hines, also a member physician of Cardiovascular, performed a second surgery after consultation with Dr. Scott. Following the second surgery, the plaintiff was treated in the hospital by Dr. Hartman, and following his discharge from the hospital and up until January 2000, he continued to be treated by Dr. Hartman. Dr. Hines also treated the plaintiff between his discharge from the hospital and January 2000. The plaintiff received no further treatment from Dr. Scott.

In October 1999 the plaintiff and his wife (hereinafter the plaintiffs) commenced this medical malpractice action to recover for injuries the plaintiff allegedly sustained following the surgeries. The plaintiffs initially sued only Dr. Hartman and Winthrop University Hospital. On September 9, 2002, the Supreme Court granted the plaintiffs leave to serve an amended complaint, adding Dr. Scott and Cardiovascular (hereinafter the later defendants). The later defendants moved for summary judgment dismissing the amended complaint insofar as asserted against them as time-barred, and the plaintiffs cross-moved for summary judgment and dismissal of the later defendants' affirmative defense of the statute of limitations. The Supreme Court, inter alia, granted the later defendants' motion and denied the plaintiffs' cross motion.

Contrary to the determination of the Supreme Court, the plaintiffs succeeded in raising a triable issue of fact in opposition to the later defendants' prima facie showing of entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York,* 49 NY2d 557 [1980]). While the later defendants demonstrated that the action had been commenced more than two years and six months after the last treatment rendered by Dr. Scott (*see* CPLR 214-a), the plaintiffs presented evidence indicating that the plaintiff may have been a patient of the Cardiovascular medical group rather than of Dr. Hartman individually (*see generally Cardenales v Queens-Long Is. Med. Group, P.C.,* 18 AD3d 689, 690 [2005]; *Lawyer v Albany Med. Ctr. Hosp.,* 246 AD2d 800, 802 [1998]). Indeed, the plaintiffs established, inter alia, that the plaintiff underwent preadmission testing by Cardiovascular personnel at Cardiovascular's premises, that the plaintiff was treated by various member physicians of the Cardiovascular group practice, and that the billing for the medical services rendered was in the name of Cardiovascular rather than the individual physicians. Under these circumstances, whether the plaintiff was a patient of the

Cardiovascular group, and therefore whether the continuous treatment of the plaintiff by Dr. Hartman may be imputed to the Cardiovascular group and its member physician Dr. Scott so as to render the action against them timely, must be resolved at trial (*see Traphagen v Packer Hosp.,* 270 AD2d 777, 778-779 [2000]; *Urgovitch v Mt. Sinai Med. Ctr.,* 245 AD2d 53, 54; *Castano v Lindenhurst Eye Physicians & Surgeons,* 220 AD2d 477, 478 [1995]; *Polokoff v Palmer,* 190 AD2d 897, 899 [1993]; *Ryan v Kountz,* 114 AD2d 358 [1985]; *Watkins v Fromm,* 108 AD2d 233, 239-240 [1985]). Mastro, J.P., Covello, Dickerson and Eng, JJ., concur.