■ NORMA PETERS, Appellant, v ARMAND ASARIAN, M.D., et al., Defendants, and NADEEMA CHAUDHRY, M.D., Respondent. [936 NYS2d 206]—

In early December 2004, after the plaintiff was diagnosed with breast cancer, the defendant Armand Asarian, a surgeon, performed a mastectomy, and the defendant Nadeema Chaudhry, a plastic surgeon, performed breast-reconstruction surgery. The reconstruction entailed, inter alia, the insertion of a tissue expander. Asarian and Chaudhry both worked at the defendant Brooklyn Hospital Center, and shared an office suite. Asarian had recommended to the plaintiff that Chaudhry perform the reconstruction surgery. The plaintiff experienced pain after the surgeries and, within a few days, she asked Chaudhry to remove the tissue expander. He told her that her pain was not caused by the tissue expander, but was instead a normal result of the mastectomy, and he advised her to wait before making a deci-

sion. The plaintiff continued to experience pain, and the tissue expander was removed on January 4, 2005. The plaintiff returned to Chaudhry three more times that month. On the third occasion, January 27, 2005, Chaudhry concluded that the plaintiff was healing well, and he advised her to follow up with Asarian about any issues arising from the surgery. The plaintiff and Chaudhry did not schedule, and did not expect, any further appointments. The plaintiff nevertheless continued to have pain, and she consulted with Asarian. On August 17, 2006, Asarian, unable to determine the cause of the plaintiff's pain, asked Chaudhry, who had not seen the plaintiff in nearly 19 months, to examine her. After doing so, Chaudhry recommended that the plaintiff consult a neurologist.

The plaintiff commenced this action on November 8, 2007, naming Chaudhry, Asarian, and the Brooklyn Hospital Center as defendants. Chaudhry moved for summary judgment dismissing the complaint insofar as asserted against him, arguing, inter alia, that the action was time-barred insofar as asserted against him, and the Supreme Court granted that relief.

Chaudhry established his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him, as time-barred, inasmuch as his treatment of the plaintiff had ended on January 27, 2005, more than 2½ years before the action was commenced (see CPLR 214-a; Cox v Kingsboro Med. Group, 88 NY2d 904, 906 [1996]; Kaufmann v Fulop, 47 AD3d 682, 683 [2008]). To raise a triable issue of fact as to the timeliness of the action, the plaintiff was required to establish that Chaudhry's examination of her on August 17, 2006, was part of a continuous course of treatment extending back to her visit with him in January 2005 (see Gomez v Katz, 61 AD3d 108, 111-113 [2009]). The limitations period would have been tolled against Chaudhry if he were considered to have continuously rendered an "actual course of treatment" during the relevant period "for the same conditions or complaints underlying the plaintiff's medical malpractice claim" (id. at 112). The record reflects, however, that the plaintiff and Chaudhry did not mutually agree upon, or expect, future consultation or treatment after January 2005 (see Chambers v Mirkinson, 68 AD3d 702, 705 [2009]; Anderson v Central Brooklyn Med. Group, 56 AD3d 500, 501 [2008]). Moreover, the plaintiff's return to Chaudhry nearly 19 months later was not on her own initiative and could not, under the circumstances, be deemed a timely return (see McDermott v Torre, 56 NY2d 399, 406 [1982]; cf. Ramos v Rakhmanchik, 48 AD3d 657, 658 [2008]). Consequently, the Supreme Court properly concluded

that, in opposition to Chaudhry's motion, the plaintiff failed to raise a triable issue of fact as to the timeliness of the action (*see Capece v Nash*, 70 AD3d 743, 745 [2010]). Accordingly, the Supreme Court properly granted that branch of Chaudhry's motion which was for summary judgment dismissing the complaint insofar as asserted against him as time-barred. Dillon, J.P., Balkin, Leventhal and Belen, JJ., concur.