■ ROBERT W. SCHWELNUS, Respondent, v UROLOGICAL ASSOCIATES OF L.I., P.C., et al., Appellants. [943 NYS2d 141]—

In an action to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated May 31, 2011, which denied their motion for leave to renew their motion for summary judgment

dismissing the complaint, which had been denied in an order of the same court dated January 6, 2011.

Ordered that the order dated May 31, 2011, is reversed, on the law and in the exercise of discretion, with costs, the motion by the defendants for leave to renew their motion for summary judgment dismissing the complaint is granted and, upon renewal, the order dated January 6, 2011, is vacated, and the motion for summary judgment dismissing the complaint is granted.

The plaintiff alleges that the defendant physician Richard V. Musto failed to completely read a pathology report which was positive for prostate cancer in September 2004, and, as such, informed the plaintiff that the test results were negative for signs of prostate cancer. The failure to diagnose the plaintiff's prostate cancer allegedly reduced the plaintiff's chances of successful recovery. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff's claims were time-barred pursuant to CPLR 214-a. The Supreme Court denied the motion, inter alia, because the deposition transcripts relied upon were unsigned. Upon their motion for leave to renew, the defendants submitted, among other things, properly executed transcripts and alleged, inter alia, that the failure to submit the transcripts in admissible form was a result of law office failure. The Supreme Court denied leave to renew on the ground that the defendants had failed to present any new facts or change in the law that would have changed the court's determination.

The Supreme Court improvidently exercised its discretion in denying the defendants' motion for leave to renew their motion for summary judgment dismissing the complaint on the ground that the defendants' motion was not based upon new facts not offered on the prior motion. CPLR 2221 (e) has not been construed so narrowly as to disqualify, as new facts not offered on the prior motion, facts contained in a document originally rejected for consideration because the document was not in admissible form (see *Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d 389 [2008]; see also *Coccia v Liotti*, 70 AD3d 747 [2010]; *Arkin v Resnick*, 68 AD3d 692 [2009]). The defendants corrected their inadvertent procedural errors with respect to the transcripts and provided a reasonable justification for failing to present the transcripts in admissible form in support of their motion for summary judgment such that leave to renew should have been granted (see *Darwick v Paternoster*, 56 AD3d 714 [2008]; *DeLeonardis v Brown*, 15 AD3d 525 [2005]).

Upon renewal, the defendants' motion for summary judgment should have been granted. A cause of action alleging medical

malpractice accrues on the date of the alleged wrongful act or omission, and, thus, the statute of limitations begins to run on that date (*see Udell v Naghavi*, 82 AD3d 960 [2011]). The date of filing of the summons and verified complaint establishes that the instant action was not commenced until June 30, 2008, which was well beyond the two-year-and-six-month statute of limitations applicable to medical malpractice actions (*see* CPLR 214-a). Thus, the defendants satisfied their prima facie burden on summary judgment of establishing that the plaintiff commenced this action after the expiration of the applicable limitations period.

Consequently, the burden shifted to the plaintiff to present evidence raising a triable issue of fact as to whether the continuous treatment doctrine served herein to toll the limitations period (*see Cox v Kingsboro Med. Group*, 88 NY2d 904 [1996]). The continuous treatment doctrine tolls the statute of limitations for a medical malpractice action when, inter alia, the plaintiff demonstrates that he or she continued to seek, and in fact obtained from the defendant physician during the relevant period, an actual course of treatment, denoted by affirmative and ongoing conduct by the physician such as surgery, therapy, or the prescription of medications (*see Gomez v Katz*, 61 AD3d 108, 111-112 [2009]). Continuing efforts to arrive at a diagnosis fall short of a course of treatment, as does a physician's failure to properly diagnose a condition that prevents treatment altogether (*id.* at 112). In addition, the course of treatment provided by the physician must be continuous (*id.*), and must be for the same conditions or complaints underlying the plaintiff's medical malpractice claim (*see Nykorchuck v Henriques*, 78 NY2d 255 [1991]; *Borgia v City of New York*, 12 NY2d 151 [1962]).

Here, the plaintiff alleged that Musto departed from good and accepted standards of medical practice by failing to read the entire pathology report on September 15, 2004, and that this failure resulted in Musto not diagnosing the plaintiff's prostate cancer and not providing or suggesting any treatment for the plaintiff's prostate cancer. Musto's nondiagnosis and resultant nontreatment cannot be considered a course of treatment (*see Gomez v Katz*, 61 AD3d 108 [2009]). Furthermore, the plaintiff's reason for initially presenting to Musto on June 25, 2004, which led to the September 2004 biopsy at issue, was different from the reason that he treated with Musto thereafter. Thus, the plaintiff failed to raise a triable issue of fact as to whether the continuous treatment doctrine applied herein so as to toll the applicable statute of limitations period.

Accordingly, upon renewal, the order dated January 6, 2011, should have been vacated and the defendants' motion for summary judgment dismissing the complaint should have been granted. Florio, J.P., Lott, Sgroi and Miller, JJ., concur.