■ Aristobulo Oviedo, Appellant, v Eric Weinstein et al., Respondents. [958 NYS2d 467]—

In an action, inter alia, to recover damages for dental malpractice, the plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated August 24, 2011, as granted those branches of the motion of the defendant Sultan Salem, and those branches of the separate motion of the defendants Eric Weinstein and Island Dental Associates, LLC, which were for summary judgment dismissing the first and second causes of action insofar as asserted against each of them.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendant Sultan Salem which was for summary judgment dismissing the first cause of action insofar as asserted against him, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof granting that branch of the motion of the defendants Eric Weinstein and Island Dental Associates, PLLC, which was for summary judgment dismissing the first cause of action insofar as asserted against the defendant Island Dental Associates, PLLC, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff, payable by the defendants Sultan Salem and Island Dental Associates, PLLC, appearing separately and filing separate briefs.

In January 2009, the plaintiff commenced this action, inter alia, to recover damages for dental malpractice and lack of informed consent against, among others, the defendants Sultan Salem, Eric Weinstein, and Island Dental Associates, PLLC (hereinafter Island Dental). The plaintiff alleges that Salem was negligent in recommending and implementing a denture treatment plan that involved the installation of implants in the upper portion of the plaintiff's mouth, when the plaintiff lacked sufficient bone in his jaw to support the implants, leading to their failure, and that the defendants Weinstein and Island Dental are vicariously liable for Salem's negligent acts.

Salem moved for summary judgment dismissing, inter alia, the dental malpractice cause of action insofar as asserted against him on the ground that the plaintiff's claims against him were time-barred pursuant to CPLR 214-a, or, alternatively, pursuant to CPLR 3212 on the ground that he did not commit malprac-

tice. Weinstein and Island Dental separately moved for summary judgment dismissing, among other things, the dental malpractice cause of action insofar as asserted against each of them on the grounds that Weinstein did not treat the plaintiff until after the alleged malpractice had occurred and that neither Weinstein nor Island Dental could be vicariously liable for the acts of Salem, who was an independent contractor at Island Dental. The Supreme Court, inter alia, granted those branches of the defendants' respective motions which were for summary judgment dismissing the dental malpractice cause of action insofar as asserted against each of them.

Salem established his prima facie entitlement to judgment as a matter of law dismissing the dental malpractice cause of action insofar as asserted against him as time-barred, inasmuch as his treatment of the plaintiff had ended on January 14, 2006, more than 2¹/₂ years before the action was commenced (see CPLR 214-a; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The burden then shifted to the plaintiff to raise a triable issue of fact as to whether the continuous treatment doctrine tolled the statute of limitations (see CPLR 214-a; Gomez v Katz, 61 AD3d 108, 113 [2009]; Zito v Jastremski, 58 AD3d 724, 725 [2009]).

Contrary to the Supreme Court's determination, the plaintiff raised a triable issue of fact as to whether the services rendered by Weinstein represent continuous treatment within the meaning of CPLR 214-a, so as to toll the statute of limitations as to Salem (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). The plaintiff presented evidence demonstrating that he was a patient of Island Dental rather than of Salem individually (see Scalcione v Winthrop Univ. Hosp., 53 AD3d 605, 608 [2008]; Cardenales v Queens-Long Is. Med. Group, P.C., 18 AD3d 689, 690 [2005]). Indeed, the plaintiff established that Weinstein, who was the sole shareholder in Island Dental, considered the plaintiff to be a patient of Island Dental. After the plaintiff declared his mistrust of Salem, Weinstein continued to treat the plaintiff for an overdenture and to discuss possible permanent treatment options with him. Under these circumstances, there are questions of fact as to whether there existed a relationship between Salem, and Weinstein and Island Dental, such that the continued treatment of the plaintiff by Weinstein may serve as a basis for tolling the statute of limitations as to Salem (see McDermott v Torre, 56 NY2d 399, 406 [1982]; Mule v Peloro, 60 AD3d 649, 650 [2009]; Scalcione v Winthrop Univ. Hosp., 53 AD3d at 608; Cardenales v Queens-Long Is. Med. Group, P.C., 18 AD3d at 690; Solomonik v Elahi, 282 AD2d 734,

735 [2001]; *Kimiatek v Post*, 240 AD2d 372, 373 [1997]; *Watkins v Fromm*, 108 AD2d 233, 239-244 [1985]).

Furthermore, although Salem met his prima facie burden of establishing that he did not depart from good and accepted practice (*see Koi Hou Chan v Yeung*, 66 AD3d 642, 642-643 [2009]; *Myers v Ferrara*, 56 AD3d 78, 83 [2008]; *Larsen v Loychusuk*, 55 AD3d 560, 561 [2008]; *Terranova v Finklea*, 45 AD3d 572 [2007]), the plaintiff raised a triable issue of fact as to whether he departed from good and accepted practice by recommending and implementing a contraindicated treatment plan.

Also contrary to the Supreme Court's determination, Island Dental failed to make a prima facie showing that it was not vicariously liable for any possible malpractice committed by Salem (*see Sampson v Contillo*, 55 AD3d 588, 590 [2008]; *Keitel v Kurtz*, 54 AD3d 387, 390 [2008]; *Ryan v New York City Health & Hosps. Corp.*, 220 AD2d 734, 736 [1995]).

The Supreme Court properly granted that branch of the motion of Weinstein and Island Dental which was for summary judgment dismissing the dental malpractice cause of action insofar as asserted against Weinstein. Contrary to the plaintiff's contention, Weinstein cannot be held vicariously liable for acts performed solely by Salem based on his status as the sole shareholder of Island Dental, a limited liability company. A shareholder, employee, or officer of a limited liability company is liable only for negligent or wrongful acts "committed by him or her or by any person under his or her direct supervision and control while rendering professional services in his or her capacity as a member, manager, employee or agent of such professional service limited liability company" (Limited Liability Company Law § 1205 [b]; *cf. Hill v St. Clare's Hosp.*, 67 NY2d 72, 79 [1986]; *We're Assoc. Co. v Cohen, Stracher & Bloom*, 65 NY2d 148, 151 [1985]; *Moller v Taliuaga*, 255 AD2d 563, 564 [1998]; *Ecker v Zwaik & Bernstein*, 240 AD2d 360, 361 [1997]).

The plaintiff's remaining contention with respect to the lack of informed consent cause of action is without merit. Dillon, J.P., Chambers, Sgroi and Miller, JJ., concur. **[Prior Case History: 2011 NY Slip Op 32390(U).]**