In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered February 8, 2012, as denied that branch of his motion which was for leave to renew his opposition to the plaintiffs motion for summary judgment on the issue of liability, which had been granted in an order of the same court entered August 23, 2011.
Ordered that the order entered February 8, 2012, is affirmed insofar as appealed from, with costs.
On August 9, 2010, while on West First Street in the City of Mount Vernon, the plaintiff allegedly was stopped in her vehicle waiting to make a left turn onto South Seventh Avenue, when the defendant’s vehicle collided with the rear of her vehicle. The plaintiff commenced this action, and subsequently moved for summary judgment on the issue of liability. The Supreme Court granted the motion on the ground that the defendant’s affidavit submitted in opposition was without probative value because the second page, presumably containing the defendant’s notarized signature, was omitted. The Supreme Court further determined that, in any event, the defendant’s affidavit failed to raise a triable issue of fact. The defendant moved, inter alia, for leave to renew his opposition to the plaintiffs motion, submitting the second page of his affidavit with his notarized signature. *845 The Supreme Court denied that branch of the defendant’s motion.
Under CPLR 2221 (e), a motion for leave to renew “shall be based upon new facts not offered on the prior motion that would change the prior determination,” and must “contain reasonable justification for the failure to present such facts on the prior motion.” “CPLR 2221 (e) has not been construed so narrowly as to disqualify, as new facts not offered on the prior motion, facts contained in a document originally rejected for consideration because the document was not in admissible form” (Schwelnus v Urological Assoc. of L.I., P.C., 94 AD3d 971, 972 [2012]). The second page of the defendant’s affidavit containing his notarized signature constituted a new fact, and the defendant’s inadvertent omission in failing to include that page with the papers submitted to the Supreme Court was tantamount to law office failure which, under the circumstances of this case, constitutes a reasonable justification (see Gordon v Boyd, 96 AD3d 719, 720 [2012]; Schwelnus v Urological Assoc. of L.I., P.C., 94 AD3d at 972; Arkin v Resnick, 68 AD3d 692, 694 [2009]; Simpson v Tommy Hilfiger U.S.A., Inc., 48 AD3d 389, 391 [2008]).
Nevertheless, the defendant’s affidavit would not change the prior determination. In opposition to the plaintiffs prima facie showing (see Abbott v Picture Cars E., Inc., 78 AD3d 869 [2010]), the defendant’s affidavit did not rebut the inference of negligence created by the fact that the defendant’s vehicle struck the plaintiff’s vehicle from the rear. “[Vjehicle stops which are foreseeable under the prevailing traffic conditions . . . must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her car and the car ahead” (Shamah v Richmond County Ambulance Serv., 279 AD2d 564, 565 [2001]; see Taing v Drewery, 100 AD3d 740 [2012]). Here, in the absence of any evidence that the defendant was maintaining a reasonably safe distance and speed behind the plaintiffs vehicle as required by Vehicle and Traffic Law § 1129 (a), his claim that the plaintiffs vehicle came to a sudden stop was insufficient to raise a triable issue of fact as to whether there was a nonnegligent explanation for the collision (see Hearn v Manzolillo, 103 AD3d 689 [2d Dept 2013]; Taing v Drewery, 100 AD3d 740 [2012]; Kastritsios v Marcello, 84 AD3d 1174, 1175 [2011]; Shamah v Richmond County Ambulance Serv., 279 AD2d at 565).
Accordingly, the Supreme Court properly denied that branch of the defendant’s motion which was for leave to renew his opposition to the plaintiff’s motion for summary judgment (see *846 Kranenberg v TKRS Pub, Inc., 99 AD3d 769 [2012]). Rivera, J.P., Chambers, Hall and Miller, JJ., concur.