In an action to recover damages for dental malpractice, the plaintiff appeals from so much of an order of the Supreme Court, Richmond County (McMahon, J.), entered March 12, 2012, as granted that branch of the motion of the defendant Anthony Perugini which was for summary judgment dismissing the complaint insofar as asserted against him as time-barred.
Ordered that the order is affirmed insofar as appealed from, with costs.
In February 2007, the defendant Anthony Perugini performed root canal therapy on one of the plaintiffs teeth, finishing the procedure in June 2007. The plaintiff testified at her deposition that, in August 2007, she returned to his office and complained of throbbing pain; Perugini examined her tooth and advised that her sensations were normal. Between August 2007 and the commencement of the instant action on July 22, 2010, the plaintiff received no additional examinations or treatments from Perugini. The plaintiff started seeing another dentist, who told her that Perugini had not properly completed the root canal *496 therapy, and that she needed a post and core. On three occasions between April and June 2008, the plaintiff called Perugini’s office and, in August 2008, she went to his office, each time speaking with a member of his staff, complaining of throbbing pain in the subject tooth and suggesting that Perugini administer the treatment recommended by the other dentist. On one of these occasions, Perugini spoke to the plaintiff on the telephone and told her that she did not need a post and core in the subject tooth, and on the other occasions the same advice was related to her by the staff member.
In support of his motion for summary judgment dismissing the complaint insofar as asserted against him as time-barred, Perugini submitted evidence establishing, prima facie, that the subject treatment ended more than two years and six months prior to the commencement of this action (see CPLR 214-a; Oviedo v Weinstein, 102 AD3d 844, 846 [2013]; Schwelnus v Urological Assoc. of L.I., P.C., 94 AD3d 971, 973 [2012]). Consequently, the burden shifted to the plaintiff to present evidence raising a triable issue of fact as to whether the continuous treatment doctrine tolled the limitations period (see Oviedo v Weinstein, 102 AD3d at 846). “The continuous treatment doctrine tolls the statute of limitations for a [dental] malpractice action when, inter alia, the plaintiff demonstrates that he or she continued to seek, and in fact obtained from the defendant . . . during the relevant period, an actual course of treatment, denoted by affirmative and ongoing conduct by the [dentist] such as surgery, therapy, or the prescription of medications” (Schwelnus v Urological Assoc. of L.I., P.C., 94 AD3d at 973; see generally Gomez v Katz, 61 AD3d 108, 111-113 [2009]).
Here, the plaintiff failed to raise a triable issue as to whether the statute of limitations was tolled under the continuous treatment doctrine. The record establishes that the plaintiff and Perugini did not mutually agree upon, or contemplate, future consultation or treatment after August 2007 (see Allende v New York City Health & Hosps. Corp., 90 NY2d 333, 338-339 [1997]; Peters v Asarian, 89 AD3d 1073, 1074 [2011]; Chambers v Mirkinson, 68 AD3d 702, 705 [2009]) and that Perugini did not render treatment or examine the plaintiff after August 2007, approximately three years prior to the commencement of this action. The plaintiffs telephone conversation with Perugini, during which he allegedly told her that she did not need a post and core, did not raise a triable issue of fact as to whether she was undergoing an actual course of treatment (see Davis v City of New York, 38 NY2d 257, 259 [1975]; Adams v Kohan, 105 AD3d 880, 881 [2013]). Contrary to the plaintiffs contention, *497 Perugini’s disagreement with the treatment recommendation of a different dentist, and his failure to render the treatment suggested by the other dentist despite the plaintiffs numerous attempts to obtain that treatment, did not raise a triable issue whether she was undergoing a continuing course of treatment with Perugini (see Young v New York City Health & Hosps. Corp., 91 NY2d 291, 297 [1998]; Nykorchuck v Henriques, 78 NY2d 255, 259 [1991]; Gomez v Katz, 61 AD3d at 112; cf. McDermott v Torre, 56 NY2d 399, 405-406 [1982]).
Accordingly, the Supreme Court properly granted that branch of Perugini’s motion which was for summary judgment dismissing the complaint insofar as asserted against him as time-barred. Skelos, J.P., Angiolillo, Roman and Miller, JJ., concur.