■ Mary Theresa Murphy, Appellant, v County of Suffolk et al., Respondents. (And a Third-Party Action.) [49 NYS3d 907]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk

County (Rebolini, J.), dated January 5, 2015, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On May 11, 2008, members of the Suffolk County Police Department were called to assist emergency medical services personnel at the home of the third-party defendant, Joseph Lepore. When the officers arrived, Lepore was agitated and belligerent, refused to comply with one officer's commands, approached that officer with a raised fist, and backed him into a corner. The officer then discharged Mace into Lepore's face, after which Lepore became calm and complied with the officer's orders. Ambulance personnel then transported Lepore to the Emergency Department at the hospital where the plaintiff worked, declining a police escort. The plaintiff, the charge nurse on duty, allegedly was injured when Lepore became agitated and pulled her feet out from under her, causing her to fall.

The plaintiff subsequently commenced this action against the defendants, the County of Suffolk and the Suffolk County Police Department, to recover damages for her injuries. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. The plaintiff appeals.

"As a general rule, a municipality may not be held liable for injuries resulting from a simple failure to provide police protection" (*Cuffy v City of New York*, 69 NY2d 255, 260 [1987]). There exists, however, a narrow class of cases in which the Court of Appeals has recognized an exception to this general rule, and has upheld tort claims based upon a "special relationship" between the municipality and the claimant (*id.*, citing *De Long v County of Erie*, 60 NY2d 296, 304 [1983]). A plaintiff claiming a special relationship must show: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (*Cuffy v City of New York*, 69 NY2d at 260; *see Coleson v City of New York*, 24 NY3d 476, 481 [2014]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the officers made no promises or actions to assume a duty to the plaintiff, had no direct contact with the plaintiff, and,

therefore, took no actions upon which the plaintiff could justifiably rely (*see Cuffy v City of New York*, 69 NY2d at 260). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Accordingly, the Supreme Court correctly granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Balkin, Chambers and Cohen, JJ., concur.