■ WILLIAM FREELY, Appellant, v ERIC D. DONNENFELD, M.D., et al., Respondents. [54 NYS3d 66]—

In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feinman, J.), dated November 9, 2015, which granted the defendants' motion for summary judgment dismissing, as time-barred, so much of the complaint as was based upon alleged acts of medical malpractice and lack of informed consent occurring prior to March 9, 2011, and denied his cross motion to strike the defendants' affirmative defense based on the statute of limitations.

Ordered that the order is modified, on the law, by deleting

the provision thereof granting the defendants' motion for summary judgment dismissing, as time-barred, so much of the complaint as was based upon alleged acts of medical malpractice and lack of informed consent occurring prior to March 9, 2011, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff sought medical treatment from the defendants, Eric D. Donnenfeld, M.D., and Ophthalmic Consultants of Long Island (hereinafter OCLI), related to a loss of vision in his right eye. Donnenfeld performed surgery on the plaintiff in 2000 and again in 2001. The plaintiff was subsequently diagnosed with ectasia, a condition affecting the cornea. When he was initially diagnosed, Donnenfeld advised the plaintiff that there was no effective treatment available in the United States, although a new treatment process was being developed that was then being used in other countries.

The plaintiff continued to see the defendants for his condition, and in 2008, Donnenfeld offered the plaintiff an opportunity to receive treatment as part of a national investigative study aimed at securing FDA approval for the treatment. On March 10, 2008, the plaintiff underwent screening for the study at OCLI, but on March 19, 2008, he was informed by an OCLI employee, Anne Bjornson, that he had been excluded from the study by its sponsor. On November 5, 2008, the plaintiff called the office to discuss further treatment options, and Bjornson advised him that his options were to wait for the new treatment process to be approved in the United States or to seek treatment outside the country.

The plaintiff next sought treatment from the defendants on March 9, 2011, and surgery was thereafter performed on his right eye in an effort to repair the cause of the ectasia. The plaintiff subsequently continued to see the defendants for treatment of his right eye until December 2012.

The plaintiff commenced this action by filing a summons and complaint dated July 12, 2013. The defendants moved for summary judgment dismissing, as time-barred, so much of the complaint as was based upon alleged acts of medical malpractice and lack of informed consent occurring prior to March 9, 2011. The plaintiff cross-moved to strike the defendants' affirmative defense based on the statute of limitations. The Supreme Court granted the defendants' motion and denied the plaintiff's cross motion.

The defendants demonstrated, prima facie, that so much of the complaint as was based upon alleged acts of medical malpractice and lack of informed consent occurring prior to March

9, 2011, was barred by the 2½ year statute of limitations (*see* CPLR 214-a; *Raucci v Shinbrot*, 127 AD3d 839, 840 [2015]; *Peters v Asarian*, 89 AD3d 1073, 1074 [2011]).

In opposition, however, the plaintiff raised a triable issue of fact as to whether the limitations period was tolled by the continuous treatment doctrine (*see* CPLR 214-a; *Gomez v Katz*, 61 AD3d 108, 111 [2009]). "Under the continuous treatment doctrine, the 2½ year period does not begin to run until the end of the course of treatment, 'when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint' " (*Gomez v Katz*, 61 AD3d at 111, quoting *Nykorchuck v Henriques*, 78 NY2d 255, 258 [1991]). The doctrine "applies when further treatment is explicitly anticipated by both physician and patient," which is generally "manifested in the form of a regularly scheduled appointment for the near future, agreed upon during that last visit, . . . for the purpose of administering ongoing corrective efforts for the same or a related condition" (*Petito v Roberts*, 113 AD3d 743, 744 [2014]; *see Gomez v Katz*, 61 AD3d at 112, 114). Further "[i]ncluded within the scope of 'continuous treatment' is a timely return visit instigated by the patient to complain about and seek treatment for a matter related to the initial treatment" (*McDermott v Torre*, 56 NY2d 399, 406 [1982]).

In the present case, Donnenfeld testified at his deposition that when he discussed treatment options with the plaintiff, he advised the plaintiff that a new treatment process was available outside the United States and that he was cautiously optimistic that, at some time in the foreseeable future, he could offer it to the plaintiff in New York. The plaintiff, who was aware that the treatment process was the subject of a study aimed at obtaining FDA approval, testified at his deposition that he was waiting for the new treatment process to become available. After being told, in November 2008, that his only options were to wait for the new treatment or seek treatment outside the country, the plaintiff returned to the defendants for treatment of the same condition on March 9, 2011, and, in fact, received treatment for the same condition from the defendants continuing until December 2012. Under these circumstances, there are questions of fact as to whether further treatment was explicitly anticipated by both the defendants and the plaintiff after 2008, and whether, under the particular circumstances of this case, the March 9, 2011, visit constituted a timely return visit (*see Gomez v Katz*, 61 AD3d 108 [2009]; *see also Devadas v Niksarli*, 120 AD3d 1000 [2014]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing, as time-barred, so much of the complaint as was based upon alleged acts of medical malpractice and lack of informed consent occurring prior to March 9, 2011, and, for the same reasons, properly denied the plaintiff's cross motion to strike the defendants' affirmative defense based on the statute of limitations. Dillon, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.