Osborn v DeChiara (2018 NY Slip Op 07316)





Osborn v DeChiara


2018 NY Slip Op 07316


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-05412
 (Index No. 67055/14)

[*1]Diane Werner Osborn, respondent, 
v
Sharon C. DeChiara, etc., et al., defendants, Karen Arthur, etc., appellant.


Westermann Sheehy Keenan Samaan & Aydelott, LLP, White Plains, NY (Timothy J. Lenane of counsel), for appellant.
Jonathan C. Reiter Law Firm, PLLC, New York, NY, for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the defendant Karen Arthur appeals from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated May 13, 2016. The order, insofar as appealed from, denied that defendant's motion pursuant to CPLR 3211(a)(5) and 3212 to dismiss the complaint insofar as asserted against her as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against, among others, the defendant Karen Arthur to recover damages for medical malpractice arising out of Arthur's postoperative care of the plaintiff, which involved a postsurgical methicillin-resistant Staphylococcus aureus (hereinafter MRSA) wound infection. The plaintiff has alleged that she was a patient of the defendants Northern Westchester Surgical Services, P.C., and Plastic and Reconstructive Surgery, P.C. (hereinafter together the Practice), of which Arthur was an employee. On March 18, 2011, Arthur and the defendant Sharon C. DeChiara, also an employee of the Practice, performed separate surgeries on the plaintiff. Arthur performed a bilateral skin-sparing mastectomy, and immediately thereafter, DeChiara performed bilateral breast reconstruction surgery. The plaintiff contracted a MRSA wound infection at the surgical site, which was persistent, and received a continuous course of care and treatment for the infection and complications from the infection by Arthur until November 14, 2011. At that same time, the plaintiff also received treatment at the Practice from DeChiara relating to the MRSA wound infection and complications from the breast reconstruction surgery. The treatment by DeChiara continued until October 2012. The plaintiff commenced this action on September 30, 2014.
Arthur moved pursuant to CPLR 3211(a)(5) and 3212 to dismiss the complaint insofar as asserted against her as time-barred. She argued that she last treated the plaintiff on November 14, 2011, and the 2½-year statute of limitations period prescribed by CPLR 214-a expired on May 14, 2014, more than four months prior to the plaintiff's commencement of the action. In opposition to the motion, although the plaintiff conceded that she last saw Arthur on November 14, 2011, she contended that the action was timely as to Arthur because she had been a patient of the Practice until October 15, 2012. According to the plaintiff, the postoperative treatment that she [*2]received from Arthur and other physicians employed by the Practice, which arose from complications of the March 18, 2011 surgical procedures and lasted until October 15, 2012, constituted a continuous course of treatment such that the 2½-year statute of limitations applicable to the medical malpractice cause of action asserted against Arthur did not start to run until the plaintiff stopped receiving treatment from the Practice in October 2012. The Supreme Court denied Arthur's motion, and Arthur appeals.
A defendant who seeks dismissal of a complaint on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence an action has expired (see CPLR 214-a; Gomez v Katz, 61 AD3d 108, 113; Kaufmann v Fulop, 47 AD3d 682, 683). The burden then shifts to the plaintiff to present evidence raising a triable issue of fact as to whether the action falls within an exception to the statute of limitations or whether the continuous treatment doctrine applies to toll the statute of limitations (see Schwelnus v Urological Assoc. of L.I., P.C., 94 AD3d 971, 973).
Here, although Arthur met her prima facie burden of showing that the action was commenced more than 2½ years after her last consultation with the plaintiff (see id. at 973; Udell v Naghavi, 82 AD3d 960, 962), the plaintiff raised a triable issue of fact as to whether the continuous treatment doctrine tolled the time from which the statute of limitations started to run to the date when the plaintiff's continuous course of postoperative care and treatment at the Practice ended. According to the plaintiff, she was a patient of the Practice rather than of Arthur individually (see Scalcione v Winthrop Univ. Hosp., 53 AD3d 605, 607; Cardenales v Queens-Long Is. Med. Group, P.C., 18 AD3d 689, 690). The plaintiff submitted evidence demonstrating that she was treated by other nonparty physicians who were employees of the Practice, that the billing for all the medical services rendered to her was generated by the Practice rather than the individual physicians, that the shared notes and records created for each of the Practice's patients by the various physicians employed by the Practice were maintained by the Practice, and that the Practice's letterhead included Arthur's name as well as the names of DeChiara and the other nonparty physicians of the Practice who had treated the plaintiff from 2006 until October 2012.
Under these circumstances, since the plaintiff raised a triable issue of fact as to whether she was a patient of the Practice, and therefore whether the continuous treatment of the plaintiff by DeChiara during the period at issue may be imputed to the Practice and its employee Arthur so as to render the action against Arthur timely, we agree with the Supreme Court's denial of Arthur's motion (see Mule v Peloro, 60 AD3d 649, 650; Scalcione v Winthrop Univ. Hosp., 53 AD3d at 608; Cardenales v Queens-Long Is. Med. Group, P.C., 18 AD3d at 690).
DILLON, J.P., LEVENTHAL, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court