Nair v City of New York (2018 NY Slip Op 08492)





Nair v City of New York


2018 NY Slip Op 08492


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-04130
2016-06465
 (Index No. 19299/12)

[*1]Arun Nair, appellant, 
v
City of New York, respondent, et al., defendants.


Jon L. Norinsberg, New York, NY (Chaya Gourarie of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Susan P. Greenberg and Max O. McCann of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered March 17, 2016, and (2) an order of the same court dated May 24, 2016. The order entered March 17, 2016, insofar as appealed from, granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the amended complaint insofar as asserted against it. The order dated May 24, 2016, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew his opposition to that branch of the motion of the defendant City of New York which was for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
According to the complaint, at approximately 2:00 a.m. on May 25, 2012, a vehicle operated by the defendant Gabriel M. Szafranski on the westbound Long Island Expressway in Queens, experienced a tire blow-out, spun out of control, struck the center median, and came to rest facing eastbound in the left lane. Several minutes later, a vehicle operated by the plaintiff traveling westbound struck Szafranski's vehicle. Shortly thereafter, a tow truck arrived followed by a marked NYPD police vehicle. According to the deposition testimony of one of the police officers, the police vehicle, which was occupied by two uniformed officers, stopped at the scene with its emergency flashing lights engaged. The officers exited their vehicle and proceeded to speak with Szafranski, the plaintiff, and the tow truck driver, who had all exited their vehicles. Prior to flares being placed on the roadway by the police, a vehicle operated by the defendant Jason Gray collided with either the plaintiff's vehicle or with the tow truck, resulting in the plaintiff's vehicle being propelled into the plaintiff.
In September 2012, the plaintiff commenced this action against the City of New York, among others, to recover damages for personal injuries. After discovery, the City moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it. The Supreme Court granted that branch of the City's motion. Thereafter, the plaintiff moved for leave [*2]to reargue and renew his opposition to the City's motion, and the court denied the plaintiff's motion. The plaintiff appeals from both orders.
A plaintiff alleging negligence on the part of a municipality must "demonstrate the existence of a special relationship'" between the plaintiff and the municipality if, at the time of the occurrence, the municipal employees were performing a governmental function, such as securing a crash scene (Lynch v State, 37 AD3d 772, 773; see Applewhite v Accuhealth, Inc., 21 NY3d 420, 425-426; Valdez v City of New York, 18 NY3d 69, 76). "The core principle [of the special duty rule] is that to sustain liability against a municipality, the duty breached must be more than that owed the public generally" (Applewhite v Accuhealth, Inc., 21 NY3d at 426 [internal quotation marks omitted]). In other words, a special duty can arise when the municipality "voluntarily assumed a duty to the plaintiff beyond what was owed to the public generally" (id.). To establish a special relationship, a plaintiff must show that there was "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (Cuffy v City of New York, 69 NY2d 255, 260; see Valdez v City of New York, 18 NY3d 80; Lauer v City of New York, 95 NY2d 95, 102).
Here, the City established its prima facie entitlement to judgment as a matter of law by demonstrating that there was no special relationship between it and the plaintiff (see Lynch v State, 37 AD3d at 773). Contrary to the plaintiff's contention, the responding police officers' purported instructions to the tow truck driver did not constitute an assumption by the City of an affirmative duty to act on the plaintiff's behalf (see Lauer v City of New York, 95 NY2d at 102-103; Murphy v County of Suffolk, 149 AD3d 854, 855). Moreover, the officers' purported instructions to the plaintiff did not establish a special relationship, as the City's evidence established, prima facie, that the plaintiff did not rely on such instructions (see Valdez v City of New York, 18 NY3d at 81).
In opposition to the City's prima facie showing that there was no special relationship between the City and the plaintiff, the plaintiff failed to raise a triable issue of fact (see Clarke v City of New York, 18 AD3d 796). Furthermore, the plaintiff's Noseworthy argument is without merit (see Noseworthy v City of New York, 298 NY 76, 80). The plaintiff contends that under the Noseworthy doctrine, he has a lower burden of proof since he suffered a traumatic brain injury, which resulted in complete amnesia regarding the accident. However, the plaintiff was still required to provide some evidence to raise a triable issue of fact, which he failed to do (see DeLuca v Cerda, 60 AD3d 721, 722).
Regarding that branch of the plaintiff's motion which was for leave to renew his opposition, " [a] motion for leave to renew must be based upon new facts, not offered on the original application, that would change the prior determination'" (Analiese Home Corp. v Mannari, 164 AD3d 727, 728, quoting Rowe v NYCPD, 85 AD3d 1001, 1003). However, " CPLR 2221(e) has not been construed so narrowly as to disqualify, as new facts not offered on the prior motion, facts contained in a document originally rejected for consideration because the document was not in admissible form'" (Hackney v Monge, 103 AD3d 844, 845, quoting Schwelnus v Urological Assoc. of L.I., P.C., 94 AD3d 971, 972). Here, the plaintiff submitted, as part of his original opposition papers, a purported expert statement from a retired police officer which was improperly submitted as an affirmation, not a sworn affidavit. In support of that branch of his motion which was for leave to renew, the plaintiff cured this deficiency by submitting the document as a sworn affidavit. Nevertheless, the affidavit would not change the prior determination, as it failed to raise any triable issue of fact with respect to whether the City had a special relationship with the plaintiff (see Hackney v Monge, 103 AD3d at 845).
Accordingly, we agree with the Supreme Court's determination granting that branch of the City's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it and denying that branch of the plaintiff's motion which was for leave to renew his opposition to that branch of the City's motion.
The plaintiff's remaining contentions either have been rendered academic, are improperly raised for the first time in his reply brief, or are without merit.
DILLON, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court